OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed.
Defendant, a suspect in the investigation of a burglary and the sexual assault of a woman, permitted the police to take his photograph and agreed to accompany two officers to the complainant’s home. Defendant had told the police that he had no knowledge of the crime. Upon arrival, one officer entered complainant’s home while the other waited with defendant in the squad car.
The complainant was shown a photo array that included the picture of defendant. Defendant’s picture was identified as that of the man who had committed the crime. The officer returned to the car and said to defendant: “You’re a liar.” Defendant, who had not been advised of his Miranda rights, responded: “You’re right. I did it.” There was no further communication between defendant and the officers. Defendant was then taken to the local precinct station where, after being given Miranda warnings, he waived his rights and made a full confession.
Prior to trial, defendant moved to suppress both the statement made in the squad car and the later confession. The suppression court denied the motion and the statements were admitted into evidence at trial. Defendant was convicted of burglary, robbery, and sodomy, all in the first degree. The Appellate Division affirmed.
*797 On this appeal, defendant argues that it was error to admit the subject statements. He contends that the statement made while in the car was the product of custodial interrogation undertaken in the absence of Miranda warnings. There being no “definite, pronounced break” between the time of the communications in the car and the confession resulting from interrogation at the precinct house, the latter statements, in defendant’s view, should also have been suppressed, notwithstanding that defendant had been advised of and had waived his Miranda rights (see People v Chapple, 38 NY2d 112, 115).
The admissibility of the statement defendant made in the squad car turns on whether it was “the product of ‘express questioning or its functional equivalent’ ” (People v Bryant, 59 NY2d 786, 788, quoting Rhode Island v Innis, 446 US 291, 300-301). As the suppression court found, the police officer’s statement, “You’re a liar”, did not constitute express questioning but was declarative in nature. Therefore, the question narrows to whether the officer should have known that his statement was “reasonably likely to evoke an incriminating response from the suspect” (Rhode Island v Innis, supra, at p 301).
The suppression court’s determination that “[n]o response was called for [under] the circumstances” supports its conclusion that there was no violation of defendant’s right against self incrimination. Its findings were affirmed by the Appellate Division and, as it cannot be said that the characterization was erroneous as a matter of law, the statement was properly admitted at trial. Defendant’s later confession made after Miranda warnings had been given was, therefore, also properly admitted.
Defendant’s other arguments have been considered and found to be without merit.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer and Kaye concur; Judge Simons taking no part.
Order affirmed in a memorandum.