■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH A. ALLNUTT, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Defendant contends that the trial court erred in denying his motion to suppress his inculpatory statement. Defendant was present when the police, pursuant to a warrant, searched his residence. The People admit, as found by the suppression court, that defendant was in custody prior to his statement and had invoked his right to counsel. Further, no *Miranda* warnings had been given defendant.

It was developed at the hearing that two police investigators were with defendant in his bedroom when one of the investigators found a small canister containing what appeared to be a small amount of cocaine hidden in the headboard of a bed. The investigator exclaimed, "Look what we have here. It looks like this may be over." This declaration was not directed at defendant. Upon hearing this statement, defendant shrugged his shoulders and stated, "You found my stash." The suppression court in denying defendant's motion found that the officer's statement was purely declaratory, required no response from defendant and was not reasonably likely to elicit an incriminating response. We agree.

Because defendant had invoked his right to counsel, his statement must be suppressed, unless it was spontaneous (see,

*People v Rivers,* 56 NY2d 476, 479; *People v Lynes,* 49 NY2d 286, 293-295). A statement is not spontaneous, of course, if it results from direct questioning, or its functional equivalent, which is defined as "words or actions on the part of police officers that they should have known were reasonably likely to elicit an incriminating response" *(Rhode Is. v Innis,* 446 US 291, 302; *see, People v Ferro,* 63 NY2d 316, 322-323, *cert denied* 472 US 1007). Since the officer's declaratory statement did not constitute direct questioning, or its functional equivalent, defendant's suppression motion was properly denied *(see, People v Huffman,* 61 NY2d 795).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Ontario County Court, Henry, Jr., J.—criminal possession of controlled substance, first degree, and another charge.) Present—Dillon, P. J., Callahan, Doerr, Pine and Lawton, JJ.