■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WALLACE, Also Known as PRINCE WALLACE, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Namm, J.), rendered September 1, 1983, convicting him of robbery in the first degree, assault in the first degree and attempted robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress a statement made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The hearing record reveals that after the shooting and attempted robbery of one person and the robbery of another on September 16, 1981, in East Islip, Suffolk County, involving three male suspects, the suspects jumped into a vehicle which struck a tree in the course of their hurried escape. Recovered from the scene of the accident was a roll of film which, when developed, revealed photographs of the defendant, whom the investigating officer recognized. In addition, two other suspects, who were arrested soon afterwards, described the offense and implicated the defendant as the shooter. The investigating officer also received information one year later that the defendant had left New York State and was in San Diego, California, where he lived with his brother under an assumed name. The San Diego police verified that a person of the defendant's description lived at the brother's address. Acting on this information, two Suffolk County police officers traveled to San Diego, California, where a San Diego officer, in their presence and with their assistance, arrested the defendant for having committed a robbery in San Diego (which charge was subsequently dismissed) as well as on the charges in the instant case. During the trip to the San Diego police station, the San Diego officer read the defendant his *Miranda* rights. No one asked the defendant any questions and he made no statement until he arrived at the police station where, after the Suffolk County police officers again read him his *Miranda* rights, which he waived, he made a statement.

On appeal, the defendant challenges the hearing court's denial of his motion to suppress the statement on two grounds. First, he contends that there was no probable cause for his arrest. Second, he contends that his statement was not voluntarily made and he did not knowingly and intelligently waive his *Miranda* rights.

It is settled that police officers in one State are allowed to act and to arrest a suspect on the strength of information supplied by officers in another State *(see,* 2 LaFave, Search and Seizure § 3.5 [b], at 9 [2d ed]; *see also, United States v Hensley,* 469 US 221, 231; *Whiteley v Warden,* 401 US 560; *People v Lypka,* 36 NY2d 210, 214-215). Indeed, it may be noted that California appears to apply similar rules *(see, People v Lazanis,* 209 Cal App 3d 49, 257 Cal Rptr 180). The only limitation to this rule is that the officers supplying the information should themselves have probable cause for the arrest *(see, United States v Hensley, supra; Whiteley v Warden, supra; People v Lypka, supra).* Here, the evidence showed that

the Suffolk County officers revealed to the San Diego officer the basis for their allegations against the defendant, and that they had probable cause to make the arrest.

As to the defendant's second contention, we find that the testimony before the hearing court showed that he knowingly and intelligently waived his *Miranda* rights and that his statement was voluntarily made.

We have examined the defendant's remaining contentions and find them to be without merit. We would also note that, in view of the rule that the imposition of consecutive sentences is legally permissible for crimes committed by disparate and separate acts *(see, People v Sanchez,* 131 AD2d 606, 609), the concession by the People that concurrent terms of imprisonment should have been imposed upon the defendant's conviction of robbery in the first degree and assault in the first degree is incorrect. Thompson, J. P., Bracken, Rubin and Spatt, JJ., concur.