THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
WILLIAM BENTON, Appellant.—

The record at the suppression hearing establishes that the
police advised defendant of his *Miranda* rights prior to ques-
tioning him. Although it does not appear that defendant
expressly waived his rights, such a waiver may be inferred
from defendant's conduct *(see, North Carolina v Butler,* 441
US 369, 373; *People v Morton,* 116 AD2d 925, 926, *lv denied* 67
NY2d 887). It is apparent that defendant understood the
*Miranda* warnings and, with such understanding, freely chose
to answer the questions asked by the police *(People v Morton,
supra).* The police scrupulously honored defendant's right to
counsel and ceased questioning him once they learned that he
was on parole and after he requested to speak with an
attorney. Defendant's subsequent lengthy statement was made
while the police were in the hall outside the interrogation
room and did not result from any police interrogation or its
" 'functional equivalent' " *(Rhode Is. v Innis,* 446 US 291,
302). Under such circumstances, such spontaneous statement
is admissible *(see, People v Rivers,* 56 NY2d 476, 479, *rearg
denied* 57 NY2d 775; *People v Allnutt,* 148 AD2d 993, *lv
denied* 74 NY2d 736).

Considering the heinous nature of defendant's crimes and
his lengthy prior criminal record, we do not find the imposi-

tion of consecutive sentences in this case to be harsh and excessive or an abuse of discretion.

We have examined defendant's remaining claims and find them to be without merit. (Appeal from judgment of Erie County Court, Dillon, J.—murder, second degree.) Present—Callahan, J. P., Denman, Green, Balio and Lawton, JJ.