■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

Jairo Perea, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Nassau County (Goodman, J.), rendered August 16, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of his omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant argues, *inter alia,* that the false identification he was carrying, and the statements he made at the time of his arrest, should have been suppressed on the ground that his warrantless arrest, inside of an apartment in La Habra, California, was illegal. We disagree.

The Nassau County police travelled to La Habra, California, on information that the defendant could be found there. The Nassau County police, along with the La Habra police, proceeded to an apartment where the defendant was believed to be. As the police approached the apartment, a woman exited and was questioned by the police. She told the police that the apartment was hers and that the defendant was inside. She gave the police the key and her permission to enter. The police went into the apartment and arrested the defendant. Assuming, *arguendo,* that the defendant has standing to challenge the search *(see, People v Rodriguez,* 69 NY2d 159; *People v Wesley,* 73 NY2d 351), the police were properly acting upon the apparent authority of the woman to grant permission to search the apartment *(see, People v Adams,* 53 NY2d 1, *cert denied* 454 US 854).

Furthermore, the defendant's argument that the Nassau County police violated the California "fresh pursuit" statute (California Penal Code § 852 *et seq.),* in that the police were not in hot pursuit, and did not take him before a Magistrate as directed in the statute, is without merit. There is nothing to indicate that the police were acting under the authority of the California fresh pursuit statute. To the contrary, the record would indicate that the defendant was arrested under the authority of the La Habra police, acting on the information supplied by the Nassau County police. Such an arrest is proper so long as the officers supplying the information themselves have probable cause for the arrest *(see, People v Wallace,* 155 AD2d 708). The defendant concedes that the Nassau County police had probable cause to arrest him.

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and

find them to be largely unpreserved for appellate review (CPL 470.05 [2]). To the extent that they are preserved, we find them to be without merit. Bracken, J. P., Rosenblatt, Miller and O'Brien, JJ., concur.