■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT CHAMBERS, Appellant.—Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered November 16, 1988, convicting him of kidnapping in the first degree and grand larceny in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

We reject the defendant's contention that his written confession should have been suppressed because it was the fruit of an illegal arrest. The only question in this regard raised at the hearing, and therefore preserved for appellate review (see, People v Jacquin, 71 NY2d 825, 827; People v Tutt, 38 NY2d 1011; People v Sanchez, 178 AD2d 567; People v Brinson, 177 AD2d 1019; People v Velasquez, 171 AD2d 825, 826; People v Frazier, 171 AD2d 809), is whether the police had probable cause to arrest the defendant when they entered his apartment in Maryland pursuant to a warrant for the codefendant Kelvin Dove. The defendant was arrested by the Maryland police, acting on the information supplied by the Nassau County and New York City police. "Such an arrest is proper so long as the officers supplying the information themselves have probable cause for the arrest" (People v Perea, 182 AD2d 718; see also, People v Wallace, 155 AD2d 708). Here, the hearing record establishes that officers from New York who witnessed the ransom drop identified the defendant from a photographic array as the person who picked up the ransom money. In addition, the codefendant Richard Frejomil told the New York officers that the defendant was a participant in the

kidnapping. Such evidence established probable cause to arrest the defendant *(see, People v Sullivan,* 56 NY2d 378; *People v Berzups,* 49 NY2d 417).

The defendant contends that the People did not sufficiently establish his guilt of kidnapping in the first degree or grand larceny in the second degree charged in the second count of the indictment (Penal Law § 155.40 [2]), because the element of mental culpability for those crimes was not proven. We disagree. Viewing the evidence adduced at the trial in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence adduced at the trial shows that the victim was forcibly abducted in the early afternoon of May 22, 1987, and the kidnappers demanded $75,000 ransom and threatened to kill her if the ransom demand was not met. The victim was released on May 24, 1987, after the ransom was paid. Three police officers observed the defendant pick up the ransom money and leave the area with the codefendant Frejomil, a participant in the abduction, who was driving the car during the ransom pickup. The defendant and the codefendant Kelvin Dove, who arranged the ransom pickup and threatened to kill the victim if the ransom were not paid, were arrested together on June 28, 1987, in an apartment in Maryland. In his written statement made after his arrest, the defendant said that he called his brother to get Nichols' home address and put the codefendant Frejomil on the telephone to "work out details for some kind of rip off; whether we would do a robbery or a kidnapping". The defendant also said that he was later told that the kidnapping had been accomplished and that he should retrieve the money. While the victim was still being held, the defendant and Frejomil went to the first ransom drop area to scout the area "to see if whoever dropped of[f] the ransom was being followed". The defendant admitted taking $10,000 as his share of the ransom and $2,000 for his brother. The People also introduced evidence that several hours after the victim was abducted, a telephone call was made from a cellular phone used by the kidnappers to the defendant's phone. Thus, there was sufficient evidence that the defendant not only solicited and intentionally aided in the commission of the crimes, but shared a community of purpose with his companions so that he acted with the mental culpability necessary to commit the crimes charged *(see, People v Allah,* 71 NY2d 830, 832; *People v King,* 180 AD2d 758; *People v McClary,* 138 AD2d 413). Moreover, upon the exercise of our

factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see, People v Gaimari,* 176 NY 84, 94).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.