■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOLESLAW BIELEWICZ, Appellant. [625 NYS2d 107] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment, following a jury trial, convicting him of rape in the first degree, rape in the third degree and four counts of sexual misconduct. County Court properly denied defendant's motion to sever certain counts of the indictment. Counts one through seven of the indictment, charging defendant with rape in the first degree, rape in the third degree and five counts of sexual misconduct, are joinable pursuant to CPL 200.20 (2) (c) because the crimes charged are defined by similar statutory provisions. Where the crimes charged in the indictment are joinable because they are the same or similar in law, applications for severance are addressed to the sound discretion of the court *(People v Lane,* 56 NY2d 1, 8).

Count eight of the indictment, charging defendant with perjury in the first degree, was properly joinable pursuant to CPL 200.20 (2) (b); proof of the acts alleged in counts one through seven of the indictment would be material and admissible in the trial of count eight to establish defendant's motive to commit perjury (see, People v Bongarzone, 69 NY2d 892, 895). There was no substantial likelihood that the jury would be unable to consider separately the proof as it related to each set of offenses; indeed, defendant was acquitted of the perjury charge. We find no abuse of discretion here. We have considered the remaining contentions of defendant and conclude that they are without merit. (Appeal from Judgment of Livingston County Court, Cicoria, J.—Rape, 1st Degree.) Present —Denman, P. J., Lawton, Wesley, Balio and Boehm, JJ.