◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD EUGENE WEBB, Appellant. [637 NYS2d 773] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Berry, J.), rendered July 22, 1992, convicting him of attempted murder in the second degree, burglary in the first degree (two counts), robbery in the first degree (two counts), and assault in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by the defendant to law enforcement officials.

Ordered that the judgment is affirmed.

On September 17, 1991, the defendant and another man entered the residence of the victim and assaulted and robbed him. Among the items the defendant and his accomplice took were a television, a video cassette recorder, and stereo equipment. During the course of the incident the defendant and his accomplice repeatedly struck the victim on the head with a blunt object, causing the victim to suffer serious head injuries.

On appeal, the defendant claims that the hearing court improperly denied the branch of his omnibus motion which was to suppress statements made by the defendant to law enforcement officials. The evidence adduced at the suppression hearing revealed that a few weeks after the incident, when the defendant was asked to come out of an abandoned garage and was frisked, one of the police officers asked the defendant where he had been hiding. The defendant said: "You got me, but you're not going to get my partner or the TV".

In determining whether the defendant's statement was spontaneous or whether it was a product of police interrogation, the test is "whether the defendant's statement can be said to have been triggered by police conduct which should reasonably have been anticipated to evoke a declaration from the defendant" *(People v Lynes,* 49 NY2d 286, 295; *see also, People v Huffman,* 61 NY2d 795, 797; *cf., People v Suarez,* 140 AD2d 558, 559). Here, the question concerning the defendant's whereabouts was not such that the police officer should have reasonably anticipated that the question would evoke the defendant's self-incriminating response *(see, e.g., People v Huffman, supra,* at 797; *People v Lynes, supra,* at 295; *People v Chambers,* 184 AD2d 716, 717; *People v Man Lee Lo,* 118 AD2d 225, 230-231). Accordingly, the hearing court was correct in not suppressing the defendant's statement, which the defendant made prior to being given his *Miranda* rights.

Furthermore, the hearing court properly found that the additional incriminatory statements made by the defendant to the police after he had been given his *Miranda* rights were made voluntarily. Therefore, the defendant's application to suppress these statements was also properly denied *(see, People v Lynes,* 49 NY2d 286, *supra; Miranda v Arizona,* 384 US 436; *People v Leonard,* 59 AD2d 1, 12-13).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., Miller, Thompson and Joy, JJ., concur.