■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON HENRY, Appellant. [645 NYS2d 691] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant appeals from a judgment convicting him following a jury trial of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third, fourth and seventh degrees. Defendant failed to object to County Court's *Allen* charge (*see, Allen v United States*, 164 US 492) and, thus, his contention concerning the *Allen* charge is unpreserved (*see,* CPL 470.05 [2]). Were we to exercise our power to reach that issue as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]), we would conclude that the charge was not improper (*see, People v Abston*, 229 AD2d 970 [decided herewith]; *cf., People v Dare*, 175 AD2d 586, 587, *lv denied* 78 NY2d 1127).

The court properly denied defendant's motion to suppress statements made by defendant to the police after his arrest. The record supports the conclusion that defendant implicitly

waived his *Miranda* rights before speaking to the police (*see,* *People v Sirno,* 76 NY2d 967, 968; *People v Benton,* 158 AD2d 987, *lv denied* 75 NY2d 963). Defendant was advised of his rights, said that he understood them, and then made spontaneous statements to the police regarding his drug dealing.

We further conclude that, contrary to defendant's contention, the court did not bolster the credibility of a prosecution witness. By informing the jury of the court's pretrial order concerning any reference at trial to the confidential informant, the court was fulfilling its "vital role in clarifying confusing testimony and facilitating the orderly and expeditious progress of the trial" (*People v Yut Wai Tom,* 53 NY2d 44, 57). As the People concede, however, the conviction of criminal possession of a controlled substance in the seventh degree must be reversed and the sentence imposed thereon vacated. That offense was submitted to the jury as a lesser included offense of criminal possession of a controlled substance in the third and fourth degrees, and the jury convicted defendant of the greater offenses (*see,* CPL 300.40 [3] [b]; *People v Butler,* 192 AD2d 543, *lv denied* 82 NY2d 715).

Finally, upon our review of the record, we conclude that the sentence is neither unduly harsh nor severe (*see,* CPL 470.15 [6] [b]). (Appeal from Judgment of Oneida County Court, Mulroy, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Pine, J. P., Fallon, Wesley, Balio and Boehm, JJ.