■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v QUILLIE ZANDERS, Appellant. [663 NYS2d 983] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Dounias, J.), rendered March 16, 1995, convicting of him of attempted robbery in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to law enforcement authorities.

Ordered that the judgment is affirmed.

The record supports the trial court's determination that the defendant's statements to the police were voluntary, as "the in-

criminating [statements were] uttered by [the defendant] immediately after he was informed by a detective of the charges pending against him. It is apparent that the detective's comment was declarative in nature, and could not reasonably be construed as one likely to elicit an incriminating response" *(People v McAdoo,* 166 AD2d 674, 675; *see also, People v Huffman,* 61 NY2d 795; *People v Bonacorsa,* 115 AD2d 546).

The defendant's contention that there was an inordinate delay in his arraignment is unpreserved for appellate review, and, in any event, is without merit. There is no indication that the police delayed the arraignment in order to obtain an uncounseled confession *(cf., People v Price,* 193 AD2d 820; *People v Cooper,* 101 AD2d 1). Rather, the arraignment was delayed in order to facilitate a lineup *(see, People v Barker,* 168 AD2d 211; *People v Horn,* 161 AD2d 603).

The court did not err in denying the defendant's challenge of a prospective juror for cause. The record does not support a finding that the prospective juror possessed a "state of mind that [was] likely to preclude [her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]), or that there was a "substantial risk" that she would be unable to discharge her responsibilities as a juror *(People v Williams,* 63 NY2d 882, 885; *see, People v Williams,* 233 AD2d 348).

The defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are without merit. Bracken, J. P., Copertino, Santucci and McGinity, JJ., concur.