■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES P. O'CONNOR, Appellant. [662 NYS2d 951] —Judgment unanimously affirmed. Memorandum: Defendant was convicted after trial of three counts of burglary in the first degree (Penal Law § 140.30), two counts of assault in the first degree (Penal Law § 120.10), one count of robbery in the first degree (Penal Law § 160.15), and one count of sexual abuse in the first degree (Penal Law § 130.65 [1]). The charges arose out of incidents

involving two victims and were contained in a single indictment. Defendant was accused of burglarizing, assaulting and robbing his two elderly aunts at their homes on different days and sexually abusing one of them.

Supreme Court did not abuse its discretion in denying the motion of defendant to sever the trial of the counts in the indictment with respect to each victim. The offenses were properly joinable because they were "the same or similar in law" (CPL 200.20 [2] [c]; *see, People v Bielewicz*, 213 AD2d 966, 967, *lv denied* 86 NY2d 790; *People v Berta*, 213 AD2d 659, 660, *lv denied* 85 NY2d 969), and the majority of the charges were defined by the same statutory provisions. Further, defendant failed to establish that there was "[s]ubstantially more proof on one or more [of the] joinable offenses than on others and there [was] a substantial likelihood that the jury would be unable to consider separately the proof as it relates to each offense" (CPL 200.20 [3] [a]; *see, People v Lane*, 56 NY2d 1, 7; *People v McCune,* 210 AD2d 978, 979, *lv denied* 85 NY2d 864; *People v Hendricks*, 192 AD2d 552, 553, *lv denied* 81 NY2d 1073).

The contention of defendant that his conviction should be reversed because the prosecutor engaged in misconduct is not preserved for our review (*see*, CPL 470.05 [2]). In any event, were we to exercise our discretion to review that contention in the interest of justice (*see*, CPL 470.15 [6] [a]), we would conclude that it lacks merit. With the exception of the improper impeachment by the prosecutor of his own witness (*see*, CPL 60.35 [1]; *People v Saez*, 69 NY2d 802, 804), there was no misconduct. With respect to the improper impeachment, that conduct did not cause " 'such substantial prejudice to the defendant that he has been denied due process of law' " (*People v Rubin*, 101 AD2d 71, 77, quoting *People v Mott*, 94 AD2d 415, 419). Further, the evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see, People v Crimmins*, 36 NY2d 230, 241).

Similarly, the contention of defendant that his constitutional rights were violated by the temporary orders of protection granted in favor of the victims is not preserved for our review (*see*, CPL 470.05 [2]; *People v Angelo*, 88 NY2d 217, 221; *People v Clark*, 41 NY2d 612, 616, *cert denied* 434 US 864). In any event, that contention lacks merit. A court is empowered to issue a temporary order of protection as a condition of release on bail to protect victims of crime (*see*, CPL 530.13). Here, the court was presented with two elderly victims who had been at-

tacked in their homes, allegedly by defendant, their nephew. The second crime was committed while defendant was out on bail for the first crime, and the victims were frightened and concerned for their safety. The fact that defense counsel was included in the order did not limit defendant's access to key prosecution witnesses; defense counsel at no time applied to the court for such access, although the court left it open for him to do so.

The court did not err in determining, after a *Wade* hearing, that there was an independent basis for the in-court identification of defendant (*see, People v Howard*, 209 AD2d 1014, *affd* 87 NY2d 940; *People v Callace*, 143 AD2d 1027, *lv denied* 73 NY2d 889). The People established that the witness had more than an adequate opportunity to view defendant in well-lit conditions and that defendant's unusual mode of dress focused the attention of the witness upon defendant.

Defendant also failed to preserve for our review his contention that the court erred in failing to hold a hearing to determine the lawfulness of his arrest and the admissibility of the evidence seized during a search of his person and automobile (*see,* CPL 470.05 [2]; *People v Erwin*, 236 AD2d 787, *lv denied* 89 NY2d 1011). In any event, in light of the inadequacy of defendant's moving papers, the failure to hold a hearing was not error (*see,* CPL 710.60 [3]; *People v Caldwell*, 215 AD2d 681, *lv denied* 86 NY2d 780; *People v Bashian*, 190 AD2d 681, *lv denied* 81 NY2d 836; *People v Vega*, 145 AD2d 924). Moreover, the arrest of defendant and the search incident to the arrest were supported by probable cause (*see,* CPL 140.10 [1] [b]; *People v Rosario*, 78 NY2d 583, 588-589, *cert denied* 502 US 1109; *People v Bigelow*, 66 NY2d 417, 423; *People v DeSantis*, 46 NY2d 82, *cert denied* 443 US 912).

The court properly denied defendant's motion to suppress the evidence obtained from defendant's automobile pursuant to a search warrant. The information supporting the application for the search warrant established reasonable cause to believe that evidence may be found in defendant's automobile (*see,* CPL 690.35 [3] [b]; *People v Nieves*, 36 NY2d 396). The fact that the photo array on which the warrant was based in part was later determined to be unduly suggestive did not require suppression of the evidence. The validity of the warrant is determined based on the information available at the time it was issued (*see, People v Nieves, supra,* at 402).

Defendant failed to preserve for our review his contention that the court's *Allen* charge to the jury on the second day of its deliberations was unduly coercive (*see, Allen v United*

*States*, 164 US 492; *People v White*, 166 AD2d 910, *lv denied* 76 NY2d 992). Further, there is no merit to his contention. The court merely asked the jurors to consider the reasonableness of their views and be open-minded to the views of the other jurors. The court stressed that it was not suggesting that any juror surrender his or her conscientious convictions (*see, People v Henry,* 229 AD2d 946, *lv denied* 89 NY2d 864).

The issue whether the court erred in quashing a subpoena for the parole records of a witness of the People is based upon material outside the record, and we are therefore unable to review the propriety of the court's ruling (*see, People v Jones,* 236 AD2d 846; *People v McKethan,* 225 AD2d 800, 801, *lv denied* 88 NY2d 938).

The contention of defendant that the court erred in admitting a 911 tape of a telephone call by one of the victims after the attack is without merit. The 911 tape was admissible as an excited utterance (*see, People v Brooks,* 71 NY2d 877, 878; *People v Seymour,* 183 AD2d 35, 38-39, *lv denied* 81 NY2d 766). The victim had been brutally attacked and pushed down a flight of stairs. She lost consciousness for approximately 20 minutes and, upon regaining consciousness, crawled up the stairs and immediately called 911. Under the circumstances, we conclude that the victim's statements on the 911 tape "were not made under the impetus of studied reflection" (*People v Edwards,* 47 NY2d 493, 497; *see, People v Brown,* 70 NY2d 513).

Defendant was not deprived of effective assistance of counsel. The evidence, the law and the circumstances of the case establish that defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137, 146-147; *People v Hart,* 227 AD2d 916, *lv denied* 89 NY2d 923).

The contention of defendant that the court improperly delegated its duty to supervise jury selection is not preserved for our review and, in any event, is without merit. There is no basis in the record to conclude that the court delegated to its court clerk the questioning of a prospective juror. The record establishes that the court clerk received a telephone call from the prospective juror "that [she] * * * could not continue"; thereafter, defense counsel, defendant and the prosecutor consented to her release. We reject the contention of defendant that his right to appeal has been frustrated by the failure to transcribe the telephone call.

Upon our review of the record, we conclude that the evidence is sufficient to support the verdict on counts one, three and 10 of the indictment, and that the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495; *People v Ford,* 66 NY2d 428).

In light of the nature of the crimes, defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Supreme Court, Erie County, LaMendola, J.—Robbery, 1st Degree.) Present—Pine, J. P., Lawton, Hayes, Callahan and Boehm, JJ.