■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v Luis Jimenez, Also Known as Luis Jiminez, Appellant. [670 NYS2d 118] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robinson, J.), rendered December 7, 1994, convicting him of murder in the second degree, criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, criminal facilitation in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant's acts established that he was acting in concert with the shooter (*see, e.g., People v Rossey,* 89 NY2d 970, 972; *People v Whatley,* 69 NY2d 784; *see also, People v Amador,* 227 AD2d 186, 187). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Under the circumstances of this case, the People's delay in disclosing *Brady* material does not warrant reversal (*see, Brady v Maryland,* 373 US 83). "[A] defendant's constitutional right to a fair trial is not violated when, as here, he is given a meaningful opportunity to use the allegedly exculpatory material * * * as evidence during his case" (*People v Cortijo,* 70 NY2d 868, 870; *see, People v Jagopat,* 216 AD2d 583; *People v White,* 178 AD2d 674, 675; *People v Bolling,* 157 AD2d 733).

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. Altman, J. P., Friedmann, Krausman and McGinity, JJ., concur.