■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS JIMENEZ, Also Known as LUIS JIMINEZ, Appellant. [710 NYS2d 530] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated December 1, 1997 (*People v Jimenez,* 245 AD2d 304), affirming a judgment of the Supreme Court, Queens County, rendered December 7, 1994.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Altman, J. P., Friedmann, Krausman and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEONARD JOYNER, Appellant. [710 NYS2d 540] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (D'Emic, J.), rendered April 1, 1998, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that comments made by the prosecutor during jury selection and summation constituted reversible error. However, several of the claimed errors are not preserved for appellate review, since the defendant never objected to them at trial (*see, People v Gray,* 86 NY2d 10; *People v Balls,* 69 NY2d 641). In any event, while some of the remarks were improper, they were harmless in light of the overwhelming evidence of the defendant's identity as the individual who possessed the drugs (*see, People v Gonzalez,* 229 AD2d 398; *People v Reeder,* 221 AD2d 666; *People v Rogha,* 213 AD2d 266).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Santucci, Altman and Schmidt, JJ., concur.