■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC DAVIS, Appellant. [716 NYS2d 242] —Judgment unanimously affirmed. Memorandum: Defendant contends that his oral statements, made while he was in custody and before he received *Miranda* warnings, were in response to police interrogation and were not spontaneous. "The question * * * is whether the police conduct should reasonably have been anticipated to evoke a statement from the defendant * * * and whether it can be said under the circumstances that the inculpatory statement was 'made without apparent external cause' " (*People v Rivers,* 56 NY2d 476, 480, *rearg denied* 57 NY2d 775; *see, Rhode Island v Innis,* 446 US 291, 301; *People v Downey,* 254 AD2d 794, *lv denied* 92 NY2d 1031). There is no basis in this record to disturb the suppression court's determination that the oral statements made by defendant were spontaneous (*see, People v Harrison,* 188 AD2d 374, 374-375, *affd* 82 NY2d 693). Defendant asked the police officer what would happen to the money that the police found. The statements or inquiries made by the police officer in response to defendant's inquiry were "not such that the police officer should have reasonably anticipated that [they] would evoke the defendant's self-incriminating response" (*People v Webb,* 224 AD2d 464, 465, *lv denied* 88 NY2d 943; *see, People v Chambers,* 184 AD2d 716, 717). (Appeal from Judgment of Monroe County Court, Smith, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Green, J. P., Pine, Hayes, Scudder and Lawton, JJ.