■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY PARKER, Appellant. [750 NYS2d 405] —Appeal from a judgment of Supreme Court, Monroe County (Fisher, J.), entered June 21, 2001, convicting defendant upon his plea of guilty of criminal possession of a weapon in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of two counts of criminal possession of a weapon in the third degree (Penal Law

§ 265.02 [1]). The police responded to defendant's residence based on a report of shots fired, and witnesses at the scene provided them with a description of the suspect and indicated that he was inside the house. Defendant, who matched the description of the suspect, was found inside the house and taken into custody. The police then searched the house and found two guns. Defendant contends that Supreme Court erred in denying that part of his motion to suppress the guns because there were no exigent circumstances to justify the warrantless search of his residence. In particular, he contends that the police did not have "reasonable grounds to believe that there [was] an emergency at hand and an immediate need for their assistance for the protection of life or property" (*People v Mitchell,* 39 NY2d 173, 177, *cert denied* 426 US 953; *see People v Molnar,* 98 NY2d 328, 331-332). We reject defendant's contention. The police were justified in conducting a warrantless search of the residence based on exigent circumstances, i.e., the report of gun fire and the presence of several people inside the house, including children (*see People v Johnson,* 181 AD2d 103, 105-106, *affd* 81 NY2d 980; *People v Adams,* 236 AD2d 293, *lv denied* 90 NY2d 854).

We reject the further contention of defendant that the court erred in denying that part of his motion to suppress two statements he made to the police. When a police investigator informed defendant that two guns had been found in his residence, defendant admitted that the guns were his. Although defendant made that statement while in police custody and before he was advised of his *Miranda* rights, defendant's statement was spontaneous and not in response to police questioning or its functional equivalent. The statement by the investigator concerning the discovery of the guns was "not such that the police [investigator] should have reasonably anticipated that [it] would evoke the defendant's self-incriminating response" (*People v Webb,* 224 AD2d 464, 465, *lv denied* 88 NY2d 943; *see People v Allnutt,* 148 AD2d 993, 993-994, *lv denied* 74 NY2d 736; *United States v Payne,* 954 F2d 199, 201-203, *cert denied* 503 US 988). Thus, contrary to the contention of defendant, there is no basis to suppress his second statement, made at the police station after he was advised of his *Miranda* rights and waived them (*see generally People v Bethea,* 67 NY2d 364, 367; *People v Chapple,* 38 NY2d 112, 114-115). Present—Green, J.P., Hayes, Scudder, Gorski and Lawton, JJ.