THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFUS LEFTENANT, Appellant. [804 NYS2d 327]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullen, J.), rendered December 14, 1999, convicting him of murder in the second degree (two counts), attempted murder in the second degree, and robbery in the first degree, upon a jury verdict, and sentencing him to concurrent indeterminate terms of 25 years' to life imprisonment upon the conviction of murder in the second degree (intentional murder) and 25 years' to life imprisonment upon the conviction of murder in the second degree (felony murder), and concurrent determinate terms of 25 years' imprisonment upon the conviction of attempted murder in the second degree and 25 years' imprisonment upon the conviction of robbery in the first degree,

with the sentences imposed for the convictions on the two counts of murder in the second degree to run consecutively to the sentences imposed for the convictions of attempted murder in the second degree and robbery in the first degree. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is modified, on the law, by providing that the term of imprisonment imposed upon the conviction of murder in the second degree (felony murder) shall run concurrently with the term of imprisonment imposed upon the conviction of robbery in the first degree; as so modified, the judgment is affirmed.

Contrary to the defendant's contentions, his statements to the police were properly admitted into evidence. His inculpatory statements to the police during their interview with him after his arrest were made after an intelligent, knowing, and voluntary waiver of his *Miranda* rights (*see Miranda v Arizona*, 384 US 436 [1966]) and were not the product of coercion (*see People v Liles*, 243 AD2d 729, 730 [1997], *cert denied sub nom. Lyles v New York*, 525 US 857 [1998]). The defendant's much later statements to the police were not in response to an inquiry, and the defendant was not provoked, encouraged, or induced to speak. These statements were spontaneous and not the product of interrogation and, as such, were admissible (*see People v Rivers*, 56 NY2d 476, 479 [1982]; *People v Farrell,* 13 AD3d 644 [2004]).

Since the hearing testimony established that the defendant was arrested outside the home where he was staying as an overnight guest, there was no *Payton* violation (*see Payton v New York*, 445 US 573 [1980]; *People v Reynoso*, 2 NY3d 820, 821 [2004]; *People v Roe*, 73 NY2d 1004, 1006 [1989]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's claim that his constitutional right to confront witnesses was violated when the trial court allowed the People to elicit evidence that a non-testifying codefendant made a statement to the police is partially unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Marino*, 21 AD3d 430 [2005]; *People v Moreno*, 303 AD2d 424 [2003]). In any event, there was no violation of the defendant's right of confrontation inasmuch as

the evidence was admitted not for the truth of the statement, but to show the detectives' state of mind and to demonstrate how the police investigation evolved (*see People v Reynoso, supra; People v Moreno, supra; People v Simpson*, 256 AD2d 205 [1998]). The Confrontation Clause "does not bar the use of . . . statements for purposes other than establishing the truth of the matter asserted" (*Crawford v Washington*, 541 US 36, 59 n 9 [2004]).

The defendant's contention that the trial court erroneously admitted into evidence photographs and a videotape depicting the crime scene is partially unpreserved for appellate review, as the defense counsel specifically stated at trial that he had no objection to the introduction of one of the pictures (*see* CPL 470.05 [2]; *People v Smith*, 242 AD2d 487 [1997]). In any event, the photographs and videotape were admitted, inter alia, to corroborate the medical examiner's testimony regarding how the decedent's wounds were inflicted. Under these circumstances, the photographs and videotape were properly admitted (*see People v Roque*, 11 AD3d 488, 489 [2004]; *People v Collic*, 285 AD2d 514, 515 [2001]).

The defendant received the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708 [1998]).

As the People correctly concede, the defendant's sentence imposed upon the conviction of murder in the second degree (felony murder) must be modified to run concurrently with the sentence imposed upon the conviction of robbery in the first degree, as the robbery constituted the underlying felony for the felony murder conviction, and was a material element of that crime (*see* Penal Law 70.25 [2]; *People v Riley*, 309 AD2d 879, 880 [2003]; *People v Benitez*, 281 AD2d 487, 488 [2001]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, are either unpreserved for appellate review or without merit. Florio, J.P., Crane, Fisher and Dillon, JJ., concur.