■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VIGIL, Appellant. [818 NYS2d 619]—

Appeals by the defendant from (1) a judgment of the County Court, Suffolk County (Mullin, J.), rendered August 6, 2002, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence, and (2) a resentence of the same court, imposed September 12, 2002. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment and the resentence are affirmed.

The hearing court properly denied suppression of the defendant's statements to law enforcement officials, finding that they were spontaneous and not made in response to express questioning or the functional equivalent thereof (*see Rhode Island v Innis,* 446 US 291, 300-301 [1980]; *People v Huffman,* 61 NY2d 795, 796 [1984]; *People v Bryant,* 59 NY2d 786, 788 [1983]; *People v Savino,* 286 AD2d 352 [2001]; *People v Porter,* 251 AD2d 601 [1998]; *People v Zanders,* 241 AD2d 531 [1997]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Davis,* 9 AD3d 468 [2004]; *People v Rodriguez,* 238 AD2d 447 [1997]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The prosecutor's comments during summation did not deprive the defendant of a fair trial.

The sentence imposed was not excessive (*see People v Black,*

259 AD2d 624 [1999]; *People v Suitte*, 90 AD2d 80 [1982]). Schmidt, J.P., Adams, Luciano and Lifson, JJ., concur.