■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKIE LEE MCCRAY, Appellant. [822 NYS2d 603]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered February 4, 2003, convicting him of murder in the second degree, criminal possession of a weapon in the third degree, burglary in the second degree, robbery in the third degree, and criminal mischief in the fourth degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the County Court properly denied his motion to suppress statements he made to law enforcement officials. The evidence presented at the hearing demonstrated that the defendant's initial oral statements were spontaneous and not made in response to police inquiry (*see People v Huffman,* 61 NY2d 795, 797 [1984]; *People v Rivers,* 56 NY2d 476 [1982]; *People v Vigil,* 31 AD3d 794 [2006]; *People v Leftenant,* 22 AD3d 603 [2005]; *People v Farrell,* 13 AD3d 644 [2004]). The defendant's subsequent videotaped statements were made after he voluntarily, knowingly, and intelligently waived his constitutional rights (*see People v Leftenant, supra; People v Robinson,* 5 AD3d 508 [2004]).

We also reject the defendant's argument that his statements should have been suppressed because he was illegally arrested by North Carolina police officers in that state. "It is settled that police officers in one state are allowed to act and to arrest a suspect on the strength of information supplied by officers in another state" (*People v Wallace,* 155 AD2d 708, 709 [1989]), provided that the officers supplying the information themselves have probable cause for the arrest (*see People v Chambers,* 184 AD2d 568 [1992]; *People v Perea,* 182 AD2d 718 [1992]; *People v Wallace, supra*). Since the North Carolina officers were acting on information supplied by a Mount Vernon detective who had probable cause to arrest the defendant for the burglary of his aunt's home, the arrest was proper.

The defendant's further contention that his arrest contravened the Uniform Act on Close Pursuit (*see* CPL 140.55) is unpreserved for appellate review because he did not raise it at the suppression hearing (*see* CPL 470.05 [2]; *People v Rivera,* 27 AD3d 489 [2006], *lv denied* 7 NY3d 762 [2006]). In any event, the defendant's contention is without merit since he was arrested by North Carolina officers who had probable cause to believe that he had committed a felony, and not by New York officers who had pursued him into that jurisdiction (*see* CPL 140.10 [3]; 140.55; NC Gen Stat § 15A-403). In addition, since there were no charges pending against the defendant in New York at the time of his arrest, the Uniform Criminal Extradition Act, which sets forth the procedure to be followed for arresting a person charged with committing a crime in another state prior to the issuance of a warrant, was inapplicable (*see* CPL 570.32; NC Gen Stat § 15A-734).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a

reasonable doubt of each crime of which he was convicted. Although the defendant claimed that the murder victim was accidentally stabbed with a pair of scissors during a struggle, his intent to cause her death was established by evidence which included statements made to friends and acquaintances, and medical evidence indicating that the victim had been strangled, beaten, and stabbed multiple times (*see People v Campbell,* 300 AD2d 501 [2002]; *People v Rivers,* 281 AD2d 348 [2001]; *People v Moradel,* 278 AD2d 250 [2000]; *People v Whitaker,* 146 AD2d 723 [1989]). Furthermore, the defendant's intent to commit the subsequent burglary of his aunt's home was established by evidence that he broke into her house through a window, confronted her with a bat, and demanded money (*see People v Moore,* 303 AD2d 691 [2003]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant received the effective assistance of counsel (*see People v Stultz,* 2 NY3d 277 [2004]; *People v Henry,* 95 NY2d 563 [2000]; *People v Benevento,* 91 NY2d 708 [1998]; *People v Baldi,* 54 NY2d 137, 147 [1981]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Florio, J.P., Krausman, Luciano and Skelos, JJ., concur.