■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY COOPER, Appellant. [830 NYS2d 181]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered March 4, 2004, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Demakos, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress his statements to law enforcement officials as the statements were made after the intelligent, knowing, and voluntary waiver of his *Miranda* rights (*see Miranda v Arizona,* 384 US 436 [1966]) and were not the product of coercion (*see People v Miles,* 276 AD2d 566, 567 [2000]; *People v Singletary,* 253 AD2d 532, 533 [1998]; *People v Liles,* 243 AD2d 729, 730 [1997], *cert denied* 525 US 857 [1998]).

The defendant's contention that the evidence was legally insufficient to establish his guilt of murder in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), it was legally sufficient to establish beyond a reasonable doubt that the defendant, acting in concert (*see* Penal Law § 20.00), caused the victim's death and intended to do so (*see* Penal Law § 125.25 [1]; *People v McCray,* 33 AD3d 817 [2006]; *People v Jimenez,* 245 AD2d 304 [1997]; *People v Lou,* 229 AD2d 505 [1996]). Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero, supra*).

The defendant's challenge to the Supreme Court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) is without merit. The nature and extent of cross-examination are subject

to the sound discretion of the trial judge (*id.* at 374). Here, the court struck an appropriate balance between the probative value of the defendant's prior convictions on the issue of his credibility and the possible prejudice to the defendant (*see People v Caldwell,* 23 AD3d 576 [2005]; *People v Springer,* 13 AD3d 657, 658 [2004]). The defendant failed to meet his burden of demonstrating that the prejudicial effect of the evidence so outweighed the probative worth of that evidence that its exclusion was warranted (*see People v Sandoval, supra* at 378; *People v Louisias,* 29 AD3d 1017, 1019 [2006]).

The defendant's contention, raised in point six of his brief, relating to the issue of whether the assistant district attorney's summation deprived him of a fair trial, is unpreserved for appellate review, and the defendant's remaining contentions are without merit. Spolzino, J.P., Florio, Lifson and Covello, JJ., concur.