■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE HARGROVE, Appellant. [849 NYS2d 167]—Appeal by the defendant from a judgment of the County Court, Nassau County (Donnino, J.), rendered April 27, 2005, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contentions, the evidence was sufficient to prove his identity as the perpetrator and to establish that he caused physical injury to the complainant (*see* Penal Law § 10.00 [9]; § 120.05 [2]; *People v Ross,* 200 AD2d 853, 853-854 [1994]; *see generally People v Chiddick,* 8 NY3d 445 [2007]). Furthermore, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's challenge to the Supreme Court's *Sandoval*

ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) is without merit. The nature and extent of cross-examination are subject to the sound discretion of the trial judge (*id.* at 374). In this case, the court struck an appropriate balance between the probative value of the defendant's prior conviction on the issue of his credibility and the possible prejudice to the defendant (*see People v Cooper,* 36 AD3d 828, 829 [2007]; *People v Caldwell,* 23 AD3d 576 [2005]; *People v Springer,* 13 AD3d 657, 658 [2004]).

The defendant's contention, raised in his supplemental pro se brief, that he was denied his right to the effective assistance of counsel is, in part, based on matter dehors the record, which cannot be reviewed on direct appeal (*see People v Rusielewicz,* 45 AD3d 704 [2007]; *People v Gonzalez,* 44 AD3d 871 [2007]). To the extent that the defendant's contention is based upon matter appearing in the record, we find that he was afforded meaningful representation (*see People v Baldi,* 54 NY2d 137 [1981]).

The defendant's remaining contentions, including the remaining contentions raised in his supplemental pro se brief, are unpreserved for appellate review and, in any event, are without merit. Prudenti, P.J., Crane, Fisher and McCarthy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SOLON HAYES, Appellant. [849 NYS2d 166]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hollie, J.), rendered June 19, 2006, convicting him of promoting prostitution in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.