■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL LOPEZ, Appellant. [965 NYS2d 621]—Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered September 12, 2006, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant's contention that his inculpatory statements

should have been suppressed because the Yonkers police officers who arrested him had no authority to arrest him in Massachusetts is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Rogers*, 34 AD3d 504 [2006]; *People v Catoe*, 181 AD2d 905 [1992]). In any event, his contention is without merit, as the Yonkers police officers were actively assisted in apprehending him by Massachusetts police officers (*see People v Johnson*, 303 AD2d 903, 905-906 [2003]; *People v Perea*, 182 AD2d 718, 719 [1992]; *People v Wallace*, 155 AD2d 708, 709-710 [1989]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt.

In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see* CPL 470.15 [2] [c]; [6] [b]; 470.20 [6]; *People v Thompson*, 60 NY2d 513, 519 [1983]; *People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Leventhal, Sgroi and Miller, JJ., concur.