■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERRY NOLLY, Appellant.—Judgment, Supreme Court, New York County (Frank J. Blangiardo, J.), rendered September 22, 1987, convicting defendant of criminal sale of a controlled substance in the third degree and sentencing him, as a predicate felon, to an indeterminate term of imprisonment of from 4½ to 9 years, unanimously affirmed.

The evidence offered at trial in this prosecution which arises out of a buy-and-bust operation established beyond a reasonable doubt defendant's identity as the person who sold two vials of crack to the undercover officer. We find, after review of the record and examination of the officer's testimony and the competing inferences that can be drawn therefrom (CPL 470.15 [5]; *People v Bleakley,* 69 NY2d 490), that her evidence was properly weighed by the jury. We also find no merit to defendant's claim that he was denied the right to challenge the confirmatory precinct house identification at a hearing. That identification, involving a trained police officer, was "the ordinary and proper completion of an integral police procedure", not subject to a hearing to dispel concerns of suggestiveness. *(People v Wharton,* 74 NY2d 921, 922-923.)

Nor were defendant's rights under CPL 310.30 violated because the court, with counsel's acquiescence, but in defendant's absence, sent the jury a note asking it to refine a request for reading of the undercover officer's identification testimony. While a defendant has a right to be present at all material stages of his trial, and the court's instructions in

response to a request from the jury must be given in his presence, these principles were not violated by the court's actions. After clarifying its request, the jury was returned to the courtroom and the requested testimony read to it in defendant's presence. No instruction or information was given to the jury in his absence. (Compare, People v Mehmedi, 69 NY2d 759.)

While we do not encourage what was done here, we recognize that in sending the note to the jury the court was merely attempting—in neutral terms—to pinpoint more specifically those portions of the officer's 130 pages of testimony the jury wished to hear. Such limited contact with the jury did not violate defendant's "fundamental right to be present at all material stages of a trial". (Supra, at 760.) Nor, in such circumstances, was there a violation of CPL 310.30. Thus, reversal is not warranted. (See, People v Bartlett, 160 AD2d 245 [decided herewith].) Concur—Sullivan, J. P., Rosenberger, Asch, Ellerin and Smith, JJ.