■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL GABOT, Appellant.—Appeal by the defendant (1) from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered April 18, 1988, convicting him of rape in the first degree, upon a jury verdict, and imposing sentence, (2), by permission, from an order of the same court, dated January 23, 1990, which denied his motion to vacate his sentence pursuant to CPL 440.20 (1), and (3), by permission, from so much of an order of the same court, dated April 13, 1990, as, upon reargument of the order dated January 23, 1990, adhered to the original determination.

Ordered that the judgment is affirmed; and it is further,

Ordered that the appeal from the order dated January 23, 1990, is dismissed, as that order was superseded by the order dated April 13, 1990, made upon reargument; and it is further,

Ordered that the order dated April 13, 1990, is affirmed insofar as appealed from.

The trial court did not err in sending a note into the jury room requesting that the jury clarify its request for a read-back of the victim's "statement". The victim had testified for approximately three hours and the trial court merely asked the jury whether it wanted her entire testimony read back. The court's note did not contain any instruction on the law or any other matters pertinent to the jury's consideration. Before sending its proposed written response back to the jury, the court read the proposed contents aloud and asked the prosecution and the defense if either objected. Both said no. The record is silent as to whether the defendant was present, and we note that the defendant does not argue that he was not present. In any event, there was no violation of CPL 310.30 or of the defendant's right to be present *(see, People v Harris,* 76 NY2d 810; *People v Torres,* 174 AD2d 586; *People v Nolly,* 160 AD2d 195). We also find nothing improper with the particular

wording used in the court's note. On the whole, the note was neutral in tone and could not have influenced the jury to cancel its request *(see, People v Nolly, supra)*.

We also find that the defendant's sentence was not excessive *(see, People v Suitte,* 90 AD2d 80).

We note that Congress has repealed the provisions allowing a legal alien to request a judicial recommendation against deportation (hereinafter JRAD) at sentencing or within 30 days thereafter *(see,* Immigration Act of 1990, Pub L 101-649, § 505 [a], [b], 104 US Stat 4978, 5050 [1990] [enacted Nov. 29, 1990], and 8 USC § 1251 [former (b) (2)]). Accordingly, the defendant's CPL 440.20 (1) motion claim that he was denied the effective assistance of counsel because such a recommendation was not requested is now academic. The new Act explicitly states that its provisions "shall apply to convictions entered before, on, or after" its date of enactment (Immigration Act of 1990, Pub L 101-649, § 505 [a], [b], 104 Stat 4978, 5050 [1990] [enacted Nov. 29, 1990]). The retroactive application of the repeal does not violate the Ex Post Facto Clause of the United States Constitution nor the defendant's right to due process (US Const, art I, § 9; US Const 4th Amend; *see, Marcello v Bonds,* 349 US 302, 314; *Galvan v Press,* 347 US 522, 529-532; *Harisiades v Shaughnessy,* 342 US 580, 594-595). Moreover, since the sentencing court indicated that it would not grant a JRAD, the defendant's claims of ineffective assistance of counsel are unpersuasive. Harwood, J. P., Eiber, Balletta and Rosenblatt, JJ., concur.