■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DION GREENE, Also Known as DION (KING) GREENE, Appellant. [736 NYS2d 900] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered April 17, 1998, convicting him of burglary in the first degree, criminal trespass in the second degree, and attempted assault in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal trespass in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that the proof of his guilt of the crimes of which he was convicted was insufficient is unpreserved for appellate review (see, CPL 470.05 [2]; People v Gray, 86 NY2d 10; People v Udzinski, 146 AD2d 245). In any event, viewing the evidence adduced at the trial in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier of fact, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

However, the count charging the defendant with criminal trespass in the second degree must be dismissed as a lesser-included offense of burglary in the first degree (see, People v Kolempear, 267 AD2d 327; People v Smith, 59 AD2d 789).

The defendant's remaining contentions are unpreserved for appellate review or without merit (see, People v Buie, 86 NY2d 501). Santucci, J.P., Feuerstein, Goldstein and Schmidt, JJ., concur.