# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

330

KA 09-01819

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                    MEMORANDUM AND ORDER

PAUL R. CURRIER, DEFENDANT-APPELLANT.

---

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.

JON E. BUDELMANN, DISTRICT ATTORNEY, AUBURN (CHRISTOPHER T. VALDINA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered August 11, 2009.  The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, criminal trespass in the second degree (two counts), attempted gang assault in the second degree, assault in the second degree, conspiracy in the fourth degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law and as a matter of discretion in the interest of justice by reversing those parts convicting defendant of criminal trespass in the second degree and dismissing those counts of the indictment, and by reducing the sentence imposed for burglary in the second degree to a determinate term of incarceration of six years, and as modified the judgment is affirmed.

Memorandum:  Defendant appeals from a judgment convicting him following a jury trial of, inter alia, one count each of burglary in the second degree (Penal Law § 140.25 [2]), attempted gang assault in the second degree (§§ 110.00, 120.06) and assault in the second degree (§ 120.05 [2]), and two counts of criminal trespass in the second degree (§ 140.15 [1]).  The crimes arise from a beating administered to the victim by defendant and a group of his friends, all of whom unlawfully entered the victim's house while the victim was sleeping. The theory of the prosecution was that defendant was upset with the victim for the manner in which he treated defendant's younger brother earlier in the evening.  Defendant contends that he was denied a fair trial by prosecutorial misconduct.  Defendant failed to preserve for our review his contention that certain comments made by the prosecutor denigrated the defense (*see People v Jones*, 63 AD3d 1582, 1583, *lv denied* 13 NY3d 797), and we decline to exercise our power to review those alleged instances of misconduct as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  With respect to defendant's contention that the prosecutor engaged in misconduct by

asking allegedly improper leading questions, we note that those questions involved preliminary matters and thus were permissible "to carry the witness quickly to matters material to the [relevant] issue[s]" (Prince, Richardson on Evidence § 6-227 [Farrell 11th ed]).

We agree with defendant, however, that the prosecutor improperly circumvented the *Sandoval* ruling issued by County Court by cross-examining defendant's girlfriend concerning his arrest record. Nevertheless, we conclude that the court alleviated any prejudice arising from that isolated instance of prosecutorial misconduct by its curative instruction in which the court informed the jury that the prosecutor was mistaken with respect to the number of defendant's arrests and directed it not to consider such evidence (*see People v Murry*, 24 AD3d 1319, 1320, *lv denied* 6 NY3d 815). We otherwise reject defendant's contention that he was deprived of a fair trial by prosecutorial misconduct (*see generally People v Rubin*, 101 AD2d 71, 77-78).

By failing to renew his motion for a trial order of dismissal after presenting evidence, defendant failed to preserve for our review his contention that the evidence of physical injury is legally insufficient to support the conviction of assault in the second degree and attempted gang assault (*see People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678). In any event, we conclude that the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), is legally sufficient to establish that the victim suffered the requisite "substantial pain" as a result of the attack (Penal Law § 10.00 [9]; *see People v Goico*, 306 AD2d 828, 828-829). In addition, viewing the evidence in light of the elements of the crime of assault in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). By failing to object to the verdict before the jury was discharged, defendant failed to preserve for our review his contention that the verdict is repugnant (*see People v Alfaro*, 66 NY2d 985, 987; *People v Louder*, 74 AD3d 1845).

Although not raised by defendant, the People correctly point out that the counts charging defendant with criminal trespass in the second degree are lesser included offenses of burglary in the first degree (*see People v Greene*, 291 AD2d 410, *lv denied* 98 NY2d 651). We note in any event that preservation of this issue is not required (*see People v Mitchell*, 216 AD2d 863, *lv denied* 86 NY2d 798). We therefore modify the judgment by reversing those parts convicting defendant of criminal trespass in the second degree. Finally, we agree with defendant that the sentence imposed for burglary in the second degree is unduly harsh and severe. Thus, as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [b]), we modify the judgment by reducing the sentence for that count to a determinate term of incarceration of six years.

Entered:  April 1, 2011                          Patricia L. Morgan
                                                 Clerk of the Court