# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1037

KA 07-01780

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

RONALD C. DAGGETT, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.

RONALD C. DAGGETT, DEFENDANT-APPELLANT PRO SE.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered May 16, 2007. The judgment convicted defendant, upon a jury verdict, of felony driving while intoxicated, felony driving while ability impaired by drugs, and various traffic infractions.

It is hereby ORDERED that the judgment so appealed from is unanimously modified as a matter of discretion in the interest of justice by reducing the sentences imposed for felony driving while intoxicated and felony driving while ability impaired by drugs to indeterminate terms of incarceration of 15 years to life and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, felony driving while intoxicated ([DWI] Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (ii)]) and felony driving while ability impaired by drugs ([DWAI] § 1192 [4]; § 1193 [1] [c] [former (ii)]). Prior to defendant's first trial, which ended in a mistrial, County Court granted the People's motion to dismiss the DWAI count. Contrary to defendant's contention in his main and pro se supplemental briefs, the court properly concluded that the dismissal of the DWAI count was a nullity (*see People v Dexter*, 259 AD2d 952, 952-953, *affd* 94 NY2d 847), and thus permitted the People to prosecute defendant on that count at the retrial (*see generally People v Barnett*, 254 AD2d 12, *lv denied* 93 NY2d 871; *People v Clarke*, 203 AD2d 916, *lv denied* 83 NY2d 965). The court also properly denied defendant's motion to dismiss that count prior to the retrial on statutory speedy trial grounds, inasmuch as the retrial commenced within the applicable six-month period (*see* CPL 30.30 [5]).

The court properly denied the motion of defendant for a mistrial during jury deliberations based upon a juror's exposure to a radio broadcast concerning defendant's prior arrests for DWI (*see People v Matt*, 78 AD3d 1616, *lv denied* 15 NY3d 954; *People v Costello*, 104 AD2d 947, 948-949).  Contrary to the contention of defendant in his main brief, the court provided a meaningful response to the jury's note requesting a readback of the instructions with respect to the DWAI charge (*see People v Malloy*, 55 NY2d 296, 301-302, *cert denied* 459 US 847).  Viewing the evidence in light of the elements of the DWI and DWAI counts as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict with respect to those counts is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

The court properly rejected defendant's constitutional challenge to the persistent felony offender sentencing scheme (*see People v Battles*, 16 NY3d 54, 59; *People v Quinones*, 12 NY3d 116, 119, 130-131, *cert denied* ___ US ___, 130 S Ct 104).  Defendant's contention that the court failed to comply with that scheme in sentencing him as a persistent felony offender is not preserved for our review (*see People v Proctor*, 79 NY2d 992, 994), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Contrary to defendant's further contention, his previous DWI convictions may properly serve as predicates both for his conviction of felony DWI and felony DWAI and for purposes of determining his eligibility for persistent felony offender treatment (*see generally People v Bowers*, 201 AD2d 830, 831, *lv denied* 83 NY2d 909; *People v Maldonado*, 173 Misc 2d 612, 616-617).  We reject defendant's contention that the court abused its discretion in considering his prior youthful offender adjudication as relevant to his "history and character" (Penal Law § 70.10 [2]; *see People v O'Connor*, 6 AD3d 738, 740-741, *lv denied* 3 NY3d 639, 645).  We conclude, however, that while the court did not abuse its discretion in sentencing defendant as a persistent felony offender, the sentence nevertheless is unduly harsh and severe.  The instant offenses did not result in physical injury or property damage, and the evidence presented at the persistent felony offender hearing established that defendant's criminal history is the product of his alcoholism and mental health problems.  As a matter of discretion in the interest of justice, we therefore modify the judgment by reducing the sentences imposed for DWI and DWAI to indeterminate terms of incarceration of 15 years to life (*see* CPL 470.20 [6]).

We have reviewed the remaining contentions of defendant in his pro se supplemental brief and conclude that none warrants further modification or reversal of the judgment.

Entered:  October 7, 2011                    Patricia L. Morgan
                                             Clerk of the Court