Appeal from a judgment of the Monroe County Court (William E Kocher, A.J.), rendered May 13, 2009. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.
It is hereby ordered that the judgment so appealed from is modified as a matter of discretion in the interest of justice by reducing the sentence imposed to an indeterminate term of incarceration of 15 years to life and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting *1474 him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]). He was sentenced as a persistent felony offender to an indeterminate term of incarceration of 20 years to life. On appeal, defendant contends that the court reporter’s readback of certain testimony in response to a jury note violated the procedures set forth in CPL 310.30 and constituted an improper delegation of judicial authority (see generally People v O’Rama, 78 NY2d 270, 276-277 [1991]; People v Ahmed, 66 NY2d 307, 310 [1985], rearg denied 67 NY2d 647 [1986]). Defendant further contends that, by sending a note to the jury during deliberations, County Court violated defendant’s fundamental right to be present at a material stage of trial (see generally People v Mehmedi, 69 NY2d 759, 760 [1987], rearg denied 69 NY2d 985 [1987]). We note at the outset that, contrary to defendant’s contention, the court did not thereby commit mode of proceedings errors such that preservation is not required. In responding to the jury note and directing the readback of testimony with respect to the note, the record establishes that the court fulfilled its “core responsibilities under CPL 310.30” (People v Tabb, 13 NY3d 852, 853 [2009]; see People v Geroyianis, 96 AD3d 1641, 1643 [2012], lv denied 19 NY3d 996 [2012]; People v Bonner, 79 AD3d 1790, 1790-1791 [2010], lv denied 17 NY3d 792 [2011]). Prior to responding to the jury note, the court read it into the record, solicited input from defense counsel, and described its proposed response. Then, when the jury clarified its request in the note, the court reporter read the relevant portion of the testimony into the record, under the supervision of the court and in the presence of defendant and the prosecutor. Defendant registered no objections. We thus conclude that defendant was required to preserve his contentions for our review, but he failed to do so (see People v Ramirez, 15 NY3d 824, 825-826 [2010]; People v Starling, 85 NY2d 509, 516 [1995]; People v Rivera, 83 AD3d 1370, 1370-1371 [2011], lv denied 17 NY3d 904 [2011]; cf. People v Kisoon, 8 NY3d 129, 134-135 [2007]). In any event, defendant’s contentions are without merit (see People v Hernandez, 94 NY2d 552, 555-556 [2000]; People v Harris, 76 NY2d 810, 812 [1990]; People v Gabot, 176 AD2d 894, 894-895 [1991], lv denied 79 NY2d 947 [1992]).
We reject defendant’s further contention that the court erred in admitting the grand jury testimony of a witness after conducting a Sirois hearing (see Matter of Holtzman v Hellenbrand, 92 AD2d 405, 407-408 [1983]). The People presented clear and convincing evidence establishing that misconduct by defendant and his mother, who acted at defendant’s behest, caused the witness to be unavailable to testify at trial (see People *1475 v Geraci, 85 NY2d 359, 370-371 [1995]; People v Dickerson, 55 AD3d 1276, 1277 [2008], lv denied 11 NY3d 924 [2009]; People v Major, 251 AD2d 999, 999-1000 [1998], lv denied 92 NY2d 927 [1998]).
Defendant’s challenge in his pro se supplemental brief to the constitutionality of New York’s discretionary persistent felony offender sentencing statute is unpreserved for our review (see People v Rosen, 96 NY2d 329, 333-335 [2001]), and in any event is without merit (see People v Quinones, 12 NY3d 116, 122-131 [2009], cert denied 558 US —, 130 S Ct 104 [2009]; People v Bastian, 83 AD3d 1468, 1470 [2011], lv denied 17 NY3d 813 [2011]).
We conclude, however, that, while the court did not abuse its discretion in sentencing defendant as a persistent felony offender, the sentence nevertheless is unduly harsh and severe. This Court “has broad, plenary power to modify a sentence that is unduly harsh or severe under the circumstances, even though the sentence may be within the permissible statutory range” (People v Delgado, 80 NY2d 780, 783 [1992]; see CPL 470.15 [6] [b]). That “sentence-review power may be exercised, if the interest of justice warrants, without deference to the sentencing court” (Delgado, 80 NY2d at 783). As a result, we may “ ‘substitute our own discretion for that of a trial court which has not abused its discretion in the imposition of a sentence’ ” (People v Patel, 64 AD3d 1246, 1247 [2009]). We conclude that a reduction in sentence is appropriate under the circumstances presented here. Although burglary in the second degree is classified as a violent felony offense (Penal Law §§ 70.02 [1] [b]; 140.25 [2]), defendant did not employ actual violence in the instant offense despite being confronted by the woman whose residence he unlawfully entered. With the possible exception of two misdemeanor convictions of resisting arrest and criminal possession of a weapon dating to the 1980s, and a 2001 felony conviction of burglary in the second degree, the circumstances of which are unknown, it does not appear that defendant, despite a lengthy criminal record, has ever used or threatened violence in the commission of a crime. Therefore, as a matter of discretion in the interest of justice, we modify the judgment by reducing the sentence imposed to an indeterminate term of incarceration of 15 years to life (see CPL 470.20 [6]; People v Daggett, 88 AD3d 1296, 1298 [2011], lv denied 18 NY3d 956 [2012]; People v Currier, 83 AD3d 1421, 1423 [2011], amended on rearg 85 AD3d 1657 [2011]). We note, in response to the dissent, that we are only modifying the minimum term of defendant’s sentence. Because we are not vacating the court’s *1476 discretionary sentencing of defendant as a persistent felony offender, the maximum term must remain unchanged. Given the lack of violence in defendant’s criminal history, we conclude that 15 years is sufficient both as a minimum period of incarceration and for defendant to establish whether he has earned the right to parole.
We have reviewed defendant’s remaining contentions in his pro se supplemental brief and conclude that none warrants reversal or further modification of the judgment.
All concur except Scudder, EJ., and Martoche, J., who dissent in part and vote to affirm in the following memorandum.