# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**909**

**KA 10-00801**

PRESENT: SMITH, J.P., PERADOTTO, CARNI, AND LINDLEY, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

ROOSEVELT ROBERTS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PIOTR BANASIAK OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered December 8, 2009.  The appeal was held by this Court by order entered October 4, 2013, decision was reserved and the matter was remitted to Onondaga County Court for further proceedings (110 AD3d 1466).  The proceedings were held and completed before Supreme Court, Onondaga County (John J. Brunetti, A.J.).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of criminal possession of a controlled substance in the seventh degree under count four of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment, and as modified the judgment is affirmed.

Memorandum:  Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]), criminal possession of a controlled substance in the fifth degree (§ 220.06 [5]), and criminal possession of a controlled substance in the seventh degree (§ 220.03).  In a prior determination with respect to this appeal, we concluded that defendant had been denied a full and fair opportunity to litigate his motion to suppress certain statements that he made to a Syracuse police detective who was transporting him to the jail for booking purposes.  Consequently, we held the case, reserved decision, and remitted the matter to County Court for a hearing that would give defendant the "opportunity to explore the issues of spontaneity or the effect of the previously-given *Miranda* warnings, or to raise any other issues regarding the admissibility of those statements" (*People v Roberts*, 110 AD3d 1466, 1468).  The matter is now before us following remittal.

Based on the evidence introduced at the original suppression

hearing as well as at the additional hearing on remittal, we conclude that the court properly found that those statements were not the result of custodial interrogation. The evidence at the hearings establishes that the statements were not caused by "words or actions on the part of police officers that they *should have known* were reasonably likely to elicit an incriminating response" (*Rhode Island v Innis*, 446 US 291, 302; *see People v Ferro*, 63 NY2d 316, 322-323, *cert denied* 472 US 1007). We thus agree with the court that " '[n]o response [from defendant] was called for [under] the circumstances' " (*People v Huffman*, 61 NY2d 795, 797; *see People v Allnutt*, 148 AD2d 993, 993, *lv denied* 74 NY2d 736; *cf. People v Paulman*, 5 NY3d 122, 129; *People v Brown*, 52 AD3d 1175, 1176, *lv denied* 11 NY3d 923). We reject defendant's further contention that the court abused its discretion in refusing to allow defense counsel to review a witness' medical records after the court's in camera review of them, in light of the collateral nature of the information sought (*see generally People v Guagenti*, 264 AD2d 427, 427, *lv denied* 94 NY2d 823).

Defendant contends that the court's error in handling a jury note constitutes a mode of proceedings error and thus that reversal is required pursuant to *People v O'Rama* (78 NY2d 270) despite his failure to preserve the issue for our review. We reject that contention. No mode of proceedings error occurred because, "[w]here, as here, defense counsel had notice of a jury note and 'failed to object . . . when the error could have been cured,' lack of preservation bars the claim" (*People v Williams*, 21 NY3d 932, 935). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant also failed to preserve for our review his contention that the court failed to follow the statutory procedure in sentencing him as a persistent felony offender (*see People v Proctor*, 79 NY2d 992, 994; *People v Korber*, 89 AD3d 1543, 1544, *lv denied* 19 NY3d 864; *People v Daggett*, 88 AD3d 1296, 1297, *lv denied* 18 NY3d 956). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). In addition, defendant failed to preserve for our review his contention that the persistent felony offender sentencing scheme is unconstitutional. In any event, it is well settled that the persistent felony offender statute is constitutional (*see People v Battles*, 16 NY3d 54, 59, *cert denied* ___ US ___, 132 S Ct 123). Furthermore, because a motion challenging the constitutionality of the persistent felony offender statute had no chance of success, defense counsel was not ineffective in failing to bring such a motion. "There can be no denial of effective assistance of trial counsel arising from counsel's failure to 'make a motion or argument that has little or no chance of success' " (*People v Caban*, 5 NY3d 143, 152). We have reviewed defendant's remaining alleged instances of ineffective assistance and conclude that they are without merit.

We agree with defendant, however, that his conviction under the fourth count of the indictment cannot stand. As the People correctly concede, that count, charging defendant with criminal possession of a

controlled substance in the seventh degree, is a lesser inclusory concurrent count of the third count, charging defendant with criminal possession of a controlled substance in the fifth degree (*see People v Greer*, 217 AD2d 1003, 1004).  Although defendant failed to preserve this contention for our review, the People also correctly concede that "we may review the issue as a matter of law despite defendant's failure to raise it in the trial court" (*People v Robertson*, 217 AD2d 989, 990, *lv denied* 86 NY2d 846; *see People v Moore*, 41 AD3d 1149, 1152, *lv denied* 9 NY3d 879, *reconsideration denied* 9 NY3d 992).  We therefore modify the judgment accordingly.

Finally, the sentence is not unduly harsh or severe.


Frances E. Cafarell


Entered:  October 3, 2014

Clerk of the Court