THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN S. TYRAN, JR., Appellant. (Appeal No. 2.) [670 NYS2d 151] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: There is no merit to the contention of defendant that County Court committed reversible error by granting the People's motion to obtain blood and hair samples from him after the 45-day period for discovery motions had expired (*see,* CPL 240.40 [2] [b] [v]; 240.90 [1]). The 15-day delay in making the motion was minimal, and the People established good cause for their failure to make a timely motion (*see,* CPL 240.90 [1]). In any event, considering the overwhelming evidence of guilt, any error is harmless (*see, People v Finkle,* 192 AD2d 783, 788, *lv denied* 82 NY2d 753).

We reject defendant's contention that the court abused its discretion in granting the People's motion to consolidate the two indictments (*see,* CPL 200.20 [4]), one of which charged defendant with kidnapping and sodomizing his ex-girlfriend and the other of which charged defendant with criminal contempt for violating a court order of protection. The offenses in the indictment were joinable under CPL 200.20 (2) (b), and the court did not abuse its discretion in granting the People's motion (*see, People v Lane,* 56 NY2d 1, 8).

There is likewise no merit to defendant's contention that the jury's verdict is repugnant. The fact that the jury acquitted defendant of burglary in the first degree and menacing in the second degree, both of which charged him with the threatened use of a knife, does not negate the forcible compulsion element of sodomy and sexual abuse in the first degree (*see, People v Miner,* 241 AD2d 918, *lv denied* 90 NY2d 941; *People v Goodfriend,* 100 AD2d 781, 781-782, *affd* 64 NY2d 695).

Under the circumstances, the court's imposition of consecutive terms of incarceration is unduly harsh. We exercise our discretion in the interest of justice to reduce the sentence by directing that the terms of incarceration run concurrently.

Finally, there is no merit to the contention that defendant

was deprived of a fair trial by cumulative error. (Appeal from Judgment of Niagara County Court, Fricano, J.—Kidnapping, 2nd Degree.) Present—Green, J. P., Lawton, Wisner, Callahan and Balio, JJ.