■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MIXON, Appellant. [739 NYS2d 46] —Judgment, Supreme

Court, New York County (Jeffrey Atlas, J., at hearing; Alfred Donati, J., at jury trial and sentence), rendered December 31, 1996, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2 to 4 years, unanimously affirmed. Judgment, same court (Budd Goodman, J.), rendered January 10, 1997, convicting defendant of violation of probation and resentencing him to a concurrent term of 2½ to 7½ years, unanimously affirmed.

In this prosecution for possession of a pistol found under a seat in a livery cab, the trial court properly admitted the codefendant's command to defendant, as overheard by the livery cab driver, "Put it under the seat." The People properly offered this statement to prove defendant was guilty of jointly possessing the weapon with his codefendant; it was not hearsay because it was not offered for its truthfulness (*see, Tennessee v Street*, 471 US 409). This direction "was not intended to communicate any assertions of fact and was incapable, by its terms, of being true or false" (*People v Sawyer*, 288 AD2d 73, 73). Instead, it was a "direction[] given by one participant in the crime to another, from which an inference of accessorial conduct could be drawn" (*People v Ayala*, 273 AD2d 40, 40, *lv denied* 95 NY2d 863). In any event, the court correctly admitted this statement against the codefendant, who was being tried jointly with defendant, and defendant raised no claim either at trial or on appeal that the court should have given a jury instruction limiting the admissibility of the codefendant's statement. Defendant's claim, that the reference to "it" was ambiguous, presented a jury question as to the weight the statement should be accorded (Prince, Richardson on Evidence §§ 8-201, 8-212 [Farrell 11th ed]).

The trial court properly denied defendant's request for a circumstantial evidence charge because defendant's guilt was established, in part, through such direct evidence as the officers' recovery of the pistol from the cab in close proximity to defendant's seat (*see, People v Perez*, 259 AD2d 274, *lv denied* 93 NY2d 976; *compare, People v Brian*, 84 NY2d 887, 889).

The suppression court properly declined to reopen the *Mapp* hearing based upon trial testimony by the livery cab driver that allegedly conflicted with hearing testimony by the police. Since the prosecutor had offered the defense an opportunity to interview the driver and had disclosed his grand jury testimony, the driver's account did not constitute new information that defendant could not have discovered with reasonable diligence (CPL 710.40 [4]; *People v Washington*, 238 AD2d 43, 49, *lv*

*denied* 91 NY2d 1014). In any event, the driver's testimony would not have changed the hearing's outcome.

Defendant's applications pursuant to *Batson v Kentucky* (476 US 79) were properly denied. The record supports the court's rulings and fails to support defendant's assertion that the court prevented him from fully articulating his claims. Concur— Williams, J.P., Tom, Rosenberger, Wallach and Marlow, JJ.