Appeal from a judgment of Supreme Court, Onondaga County (Brunetti, J.), entered August 16, 2002, convicting defendant after a jury trial of, inter alia, criminal contempt in the first degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment entered *964 upon a jury verdict convicting him of assault in the third degree (Penal Law § 120.00 [1]), criminal contempt in the first degree (§ 215.51 [b] [v]), intimidating a victim or witness in the third degree (§ 215.15 [1]) and resisting arrest (§ 205.30). Defendant assaulted the complainant in July 2001 and went to her home two months later in violation of an order of protection, attempting to compel her to give false testimony in his favor. The complainant fled to the home of a neighbor, who called 911. Defendant thereafter resisted arrest when the police went to his apartment to speak to him.
In both his main brief and his pro se supplemental brief, defendant contends that the verdict convicting him of criminal contempt and intimidating a victim or witness is against the weight of the evidence because the complainant was not a credible witness. We reject that contention. “The jury’s determination of credibility is entitled to great deference, and there is no basis for concluding that the jury failed to give the evidence the weight it should be accorded” (People v Regan, 302 AD2d 867, 868 [2003], lv denied 99 NY2d 657 [2003]).
We further reject the contention of defendant in his pro se supplemental brief that Supreme Court abused its discretion in denying his motion to sever the count of the indictment charging assault in the third degree from the remaining counts of the indictment (see People v Tyran, 248 AD2d 1011 [1998], lv denied 92 NY2d 1054 [1999]). We also reject the contention of defendant in his pro se supplemental brief that he did not consent to the warrantless entry of his apartment by the police and that the evidence arising from his arrest therefore should have been suppressed (see People v Brown, 234 AD2d 211, 213 [1996], affd 91 NY2d 854 [1997]; People v Smith, 239 AD2d 219, 220-221 [1997], lv denied 90 NY2d 911 [1997]).
We further conclude that the court properly allowed the arresting officer to testify with respect to his conversations with the complainant immediately prior to defendant’s arrest. Contrary to the contention of defendant in his pro se supplemental brief, the testimony was admissible to establish that the arrest was authorized (see People v Parris, 83 NY2d 342, 346 [1994]; People v Garcia, 284 AD2d 106, 108 [2001], lv denied 97 NY2d 641 [2001]; see also People v Mixon, 292 AD2d 177, 178 [2002], lv denied 98 NY2d 678 [2002]).
Defendant additionally contends in his pro se supplemental brief that he was wrongfully denied the opportunity to appear before the grand jury. Defendant waived that contention, however, by failing to move to dismiss the indictment on that ground within five days after he was arraigned (see CPL 190.50 *965 [5] [c]; People v Beyor, 272 AD2d 929, 930 [2000], lv denied 95 NY2d 832 [2000]). He also'contends in his pro se supplemental brief that he was improperly excluded from several bench conferences. That contention lacks merit, inasmuch as each of those bench conferences “involved a purely legal argument to which defendant had nothing to contribute” (People v Collins, 99 NY2d 14, 19 [2002]). The remaining contentions of defendant in his pro se supplemental brief are not preserved for our review (see 470.05 [2]), and we decline to exercise our power to review them as a matter of discretion in the interest of justice (see 470.15 [6] [a]). Present—Green, J.P, Wisner, Hurlbutt, Kehoe and Hayes, JJ.