■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK CARNEY, Appellant. [795 NYS2d 10]—

Judgment, Supreme Court, New York County (Renee A. White, J., on severance motion; Edward J. McLaughlin, J., at jury trial and sentence), rendered September 30, 2002, convicting defendant of three counts of criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of three years, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. Although, as an officer with the Department of Correction, defendant was exempt from prosecution as a principal for the crime of criminal possession of a weapon in the third degree, the evidence firmly established his guilt as an accessory (*see People v Coleman*, 104 AD2d 778 [1984], *lv denied* 64 NY2d 888 [1985]). Defendant, who drove a vehicle in which his codefendants were passengers and which contained numerous loaded firearms, made various false statements in an attempt to mislead investigating police officers. Defendant's course of conduct and his chain of falsehoods lead to the inescapable conclusion that he knew there were firearms in the vehicle, and that he intended to assist his codefendants in their continuing possession of these weapons, by transporting the weapons and by helping the codefendants evade arrest.

The court properly denied defendant's severance motion because the defenses of defendant and his codefendants were not so irreconcilable as to require severance (*see People v Mahboubian*, 74 NY2d 174, 183-184 [1989]). On the contrary, although defendant and the codefendants were prosecuted under different theories, their defenses were compatible.

The court properly allowed limited testimony concerning a 911 call made by a nontestifying declarant, with careful limiting instructions advising the jury that the tape was not admitted for its truth, but as background information explaining why the police took a series of investigatory actions (*see People v Tosca*, 98 NY2d 660 [2002]). Accordingly, this evidence did not violate defendant's right of confrontation. There was a legitimate, nonhearsay purpose for this evidence, which was necessary for the jury's understanding of the sequence of events, and it did not cause any prejudice (*see United States v Reyes*, 18 F3d 65, 70-71 [2d Cir 1994]).

The court properly denied defendant's request for a circumstantial evidence charge (*see People v Roldan*, 88 NY2d 826 [1996]; *People v Daddona*, 81 NY2d 990 [1993]; *People v Mixon*, 292 AD2d 177 [2002], *lv denied* 98 NY2d 678 [2002]).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Tom, Saxe, Friedman and Marlow, JJ.