THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT DEAN, Appellant. [837 NYS2d 714]—

Appeals by the defendant from (1) a judgment of the County Court, Suffolk County (Gazzillo, J.), rendered September 25, 2003, convicting him of criminal sale of a controlled substance in the first degree, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court imposed April 28, 2005, sentencing him to a term of imprisonment of 20 years to life.

Ordered that the appeal from so much of the judgment as sought review of the sentence is dismissed, as that portion of the judgment was superseded by the resentence; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that the resentence is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we find that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]). The record establishes that there was ample evidence to support the conclusion that the defendant, who had negotiated the terms of a narcotics sale with an undercover police officer, directed a cohort to the agreed location in order to consummate the sale (*see People v Negron,* 1 AD3d 272 [2003]; *see also People v Bello,* 92 NY2d 523 [1998]). The defendant initiated and oversaw the sale from beginning to end. The defendant's references to the individual who conducted the sale as "my man" or "backup guy" belie the defendant's contention that this individual was acting independently of the defendant.

The defendant's Sixth Amendment right to confront witnesses against him was not violated, since the challenged statements were not admitted for their truth (*see Crawford v Washington,*

541 US 36, 59 n 9 [2004]; *People v Reynoso,* 2 NY3d 820, 821 [2004]; *People v Leftenant,* 22 AD3d 603, 604-605 [2005]; *People v Ruis,* 11 AD3d 714 [2004]), but to demonstrate how the police investigation evolved, in other words, why the undercover detective focused on the defendant and initiated contact with him (*see People v Leftenant, supra*).

The defendant's contention regarding the repugnancy of his verdict is unpreserved for appellate review and, in any event, is without merit.

The resentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Mastro, J.P., Rivera, Dillon and Carni, JJ., concur.