■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE TUCKER, Appellant. [839 NYS2d 15]—

Judgment, Supreme Court, New York County (Ronald A.

Zweibel, J.), rendered May 2, 2005, convicting defendant, after a jury trial, of robbery in the third degree, and sentencing him, as a persistent felony offender, to a term of 15 years to life, unanimously affirmed.

The prosecutor did not add a new theory of robbery when he argued in summation that defendant's use of force included his efforts to forcibly retain the property immediately after taking it, and the court properly denied defendant's requests for a mistrial, a jury instruction excluding the forcible retention theory, or an opportunity to reopen his summation. The trial evidence established that defendant pushed the victim down as he stole money from his pocket. Defendant fled into a nearby hotel where, while still in possession of the victim's property, he struggled with other persons. The People were entitled to argue that the requisite element of physical force was established both by defendant having pushed the victim as he stole his money, as well as by defendant's physical resistance to being held, thus endeavoring to retain possession of the stolen property. The two uses of force constituted an unbroken chain of events completing the robbery (*see People v Thomas*, 226 AD2d 120 [1996], *lv denied* 88 NY2d 886 [1996]). The indictment simply charged forcible stealing, which, under Penal Law § 160.00, encompasses both forcible taking and forcible retention. There is nothing in the voluntary disclosure form or felony complaint that could reasonably be read as treating the events in the street and the events in the hotel as separate incidents, or as limiting the People's theory to the forcible taking on the street.

The court properly declined to submit petit larceny as a lesser included offense. In light of the victim's integrated testimony establishing a forcible taking, there was no reasonable view of the evidence, viewed most favorably to defendant, that defendant was guilty of larceny but not robbery (*see People v Negron*, 91 NY2d 788 [1998]; *People v Scarborough*, 49 NY2d 364, 371-374 [1980]). The victim provided unimpeached testimony that immediately after his pocket was picked, he felt himself being shoved to the ground by a person using two hands. Defendant's appellate contentions consist of unsupported speculation and strained interpretations of the evidence, and he provides no rational explanation why the jury would credit the victim as to other aspects of the crime but reject his testimony that he was pushed.

The court properly declined to reopen the suppression hearing based upon trial testimony by a hotel security guard that allegedly conflicted with hearing testimony by the police (*see* CPL 710.40 [4]). Defendant could have discovered this information

with reasonable diligence, and, in any event, the guard's testimony would not have changed the hearing's outcome (*see People v Mixon*, 292 AD2d 177 [2002], *lv denied* 98 NY2d 678 [2002]).

The court properly exercised its discretion in sentencing defendant as a persistent felony offender. Defendant argues that the adjudication procedure was unconstitutional under *Apprendi v New Jersey* (530 US 466 [2000]) and its progeny, with particular reference to *Cunningham v California* (549 US —, 127 S Ct 856 [2007]), because CPL 400.20 (9) requires the court, in making such an adjudication, to make findings of fact other than the fact of a prior conviction. However, in *People v Rivera* (5 NY3d 61, 70-71 [2005], *cert denied* 546 US 984 [2005]), where the Court of Appeals interpreted the statutory scheme so as not to require "additional factfinding beyond the fact of two prior felony convictions . . . . If, for example, a defendant had an especially long and disturbing history of criminal convictions, a persistent felony offender sentence might well be within the trial justice's discretion even with no further factual findings." Defendant's adjudication was constitutional because the court based it solely on prior convictions (*see Almendarez-Torres v United States*, 523 US 224 [1998]), facts found by the jury in the instant case, and the court's discretionary evaluation of the seriousness of defendant's criminal history. The court did not make additional findings of fact, and, under the *Rivera* interpretation of the statute, no such findings were required in this case. Concur—Andrias, J.P., Saxe, Friedman, Nardelli and Malone, JJ.