Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered September 13, 2010, convicting defendant, after a jury trial, of failure to verify registration information under the Sex Offender Registration Act (Correction Law art 6-C) (three counts) and failure to verify annual registration information under that act, and sentencing him to an aggregate term of 2xk to 7 years, unanimously affirmed.
The court properly denied defendant’s application pursuant to Batson v Kentucky (476 US 79 [1986]). The record supports the court’s finding that the nondiscriminatory reasons provided by the prosecutor for the challenges at issue were not pretextual. This determination, based primarily on the court’s assessment of the challenging attorney’s credibility, is entitled to great deference (see Snyder v Louisiana, 552 US 472, 477 [2008]; People v Hernandez, 75 NY2d 350 [1990], affd 500 US 352 [1991]). The prosecutor explained that she had challenged the three panelists at issue based, respectively, on their unusual clothing, educational background, and employment. The prosecutor was not required to show that these rationales were related to the facts of the case, and we find no basis to disturb the court’s findings (see People v Hecker, 15 NY3d 625, 656, 663-665 [2010]).
*412 Defendant claims that the education-related explanation for one of the challenges was pretextual because, in a later round of jury selection after the Batson application had been denied, the prosecutor did not challenge another prospective juror with the same educational level. However, defendant did not make that claim at trial, and the prosecutor had no opportunity to explain the alleged disparity. We decline to review this unpreserved argument in the interest of justice. As an alternative holding, we find that the record does not support a claim of disparate treatment by the prosecutor of similarly situated panelists.
The court properly exercised its discretion in denying defendant’s challenge for cause to a prospective juror, as she never said anything that would “cast serious doubt on [her] ability to render an impartial verdict” (People v Arnold, 96 NY2d 358, 363 [2001]). Viewed in context, any uncertainty she expressed related only to a purely hypothetical situation.
Defendant’s pro se claims are without merit. Concur— Gonzalez, P.J., Friedman, Saxe, Richter and Abdus-Salaam, JJ.