(May 24, 2016)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIL LEWIS, Appellant. [31 NYS3d 502]—

Order, Supreme Court, New York County (Gregory Carro, J.), entered on or about January 15, 2014, which denied defendant's CPL 440.10 motion to vacate a judgment of conviction rendered April 4, 2000, unanimously affirmed.

Initially, we note that defendant's claims generally stem from an alleged inconsistency between a detective's hearing and trial testimony, and that all of this testimony was part of the record of defendant's 2004 appeal. In any event, assuming for the sake of argument that defendant's claims could not have been fully raised on direct appeal (*see* CPL 440.10 [2] [c]), the court properly exercised its discretion in denying his motion on the ground that on his prior 440.10 motion, he "was in a position adequately to raise the ground[s] . . . underlying the present motion but did not do so" (CPL 440.10 [3] [c]).

In addition, the record supports the court's alternative holding, denying the motion on the merits. Summary denial was proper because defendant's allegations did not raise any factual dispute sufficient to warrant a hearing (*see* CPL 440.30 [4] [b]; *People v Samandarov*, 13 NY3d 433, 439-440 [2009]; *People v Satterfield*, 66 NY2d 796, 799-800 [1985]).

Defendant contended that a detective testified falsely at trial that he personally copied a recording of a certain phone conversation, contradicting his testimony at a pretrial hearing that another detective on his team had done so. On the contrary, the detective's trial testimony clearly indicates that he meant only that someone on his team had made the copy. Accordingly, defendant's claim that the People presented "false" testimony is entirely without merit.

The court correctly rejected defendant's ineffective assistance of counsel claims, since he failed to rebut the "presum[ption] that counsel acted in a competent manner and exercised professional judgment" (*People v Rivera*, 71 NY2d 705, 709 [1988]). Since the purported inconsistency was illusory, trial counsel was not deficient in failing to exploit it on cross-examination. Likewise, counsel was not ineffective in failing to object to the recording under the best evidence rule, which was inapplicable (*see e.g. People v Dicks*, 100 AD3d 528 [2012]), or in failing to request a missing witness charge as to unidentified detectives who were present during the creation of other copies of recordings, in the absence of any showing that these detectives would have provided noncumulative testimony (*People v Savinon*, 100 NY2d 192, 196 [2003]). Accordingly, defendant has not shown that any of counsel's alleged omissions fell below an objective standard of reasonableness, or that they deprived defendant of a fair trial or affected the outcome of the case (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Concur—Sweeny, J.P., Renwick, Moskowitz, Kapnick and Gesmer, JJ.