(February 14, 2017)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREY IGNATYEV, Appellant. [47 NYS3d 285]—

Judgment, Supreme Court, New York County (Cassandra M. Mullen, J.), rendered September 4, 2013, as amended September 24, 2013, convicting defendant, after a jury trial, of criminal sexual act in the first degree and sexual abuse in the first degree, and sentencing him to an aggregate term of 15 years, unanimously affirmed.

The court providently exercised its discretion in denying defendant's challenge for cause to a prospective juror. The panelist's responses to questioning by the attorneys and the court, viewed as a whole, provided an unequivocal assurance that he could keep an open mind and decide the case impartially based on the evidence (*see People v Chambers*, 97 NY2d 417, 419 [2002]; *People v Dunkley*, 61 AD3d 428 [1st Dept 2009], *lv denied* 12 NY3d 914 [2009]). Contrary to defendant's contention, the panelist's answers did not raise a "serious doubt" about his ability to apply the presumption of innocence (*People v Toliver*, 102 AD3d 411, 412 [1st Dept 2013] [internal quotation marks omitted], *lv denied* 21 NY3d 1011 [2013]). In light of our conclusion, we need not reach the People's alternative argument that defendant had failed to exhaust his peremptory challenges.

After the victim's testimony, defendant sought to call an expert witness to testify about the impact of alcohol on a person's memory, and the phenomenon of alcohol-induced "fragmentary" blackouts. The court denied defendant's request, finding that the proffered testimony was speculative and not beyond the ken of the ordinary juror. The court providently exercised its discretion in excluding defendant's proffered expert testimony. The proposed testimony about the general impact of alcohol on memory is within the ordinary experience and knowledge of jurors (*People v Paro*, 283 AD2d 669, 670 [3d Dept 2001] ["impact of intoxication on an individual's mental state is presumed to be within the ordinary experience and knowledge of jurors"], *lv denied* 96 NY2d 922 [2001]; *People v Fish*, 235 AD2d 578, 580 [3d Dept 1997], *lv denied* 89 NY2d 1092 [1997]).

Defendant failed to sufficiently explain how the proffered testimony about fragmentary blackouts was relevant to the particular circumstances of this case (*see People v Bedessie*, 19 NY3d 147, 157 [2012]). Defendant did not establish an adequate factual foundation to support the theory that the victim was experiencing a fragmentary blackout during the as-

sault. In the absence of a more-detailed proffer, the mere fact that the victim did not recall all of the details of the attack, or that there was a period prior to the assault that she did not remember, was insufficient, by itself, to show that she had suffered a fragmentary blackout. Thus, the application of the proffered testimony to the facts of the case was speculative. To the extent defendant is raising a constitutional claim, that claim is unpreserved (*see People v Lane*, 7 NY3d 888, 889 [2006]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]).

In any event, any constitutional or nonconstitutional error in this regard was harmless in light of the overwhelming evidence of guilt (*see People v Crimmins*, 36 NY2d 230 [1975]). When the police showed defendant a picture of the victim, he stated, "[T]hat's the girl who I raped." The victim's testimony was corroborated by her 911 call made immediately after the incident in which she reported that she had been raped. Further, the victim made a prompt outcry to three other witnesses, who described her as sobbing uncontrollably, traumatized and frightened. Moreover, the victim had physical injuries consistent with her testimony that defendant had struck her on the head with a glass bottle. Finally, defendant's testimony that all of the sexual acts were consensual was incredible.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Richter, Saxe, Gische and Gesmer, JJ.