People v Linder (2019 NY Slip Op 01965)





People v Linder


2019 NY Slip Op 01965


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


1102 KA 15-01730

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANQUAWN LINDER, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (NICOLE K. INTSCHERT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered September 29, 2015. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that said appeal from the judgment insofar as it imposed sentence is unanimously dismissed and the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [12]). The conviction arises out of a police-executed traffic stop during which defendant handed a bag containing a "softball"-sized amount of crack cocaine to an accomplice, who then secreted the contraband between his buttocks. We now affirm.
Defendant first challenges the legal sufficiency and weight of the evidence underlying his conviction, arguing that the accomplice's testimony was insufficiently corroborated and that the People therefore failed to establish that defendant possessed the drugs recovered from the accomplice's buttocks. At trial, the accomplice testified that defendant possessed the drugs on his person before the traffic stop and that, shortly after the car was pulled over, defendant used his right arm to pass the bag of drugs to the accomplice. The accomplice testified that he then immediately stuffed the bag of drugs between his buttocks to avoid detection. The accomplice's testimony was corroborated by the testimony of a police officer who witnessed defendant reach over toward the accomplice with his right hand and who, seconds later, saw the accomplice's hand emerge from the back of his pants.
Contrary to defendant's contention, the officer's testimony satisfies the corroboration requirement of CPL 60.22 because it " tends to connect . . . defendant with the commission of the crime in such a way as may reasonably satisfy the jury that the accomplice is telling the truth' " (People v Reome, 15 NY3d 188, 192 [2010]; see People v Davis, 28 NY3d 294, 303 [2016]; People v Philbert, 270 AD2d 210, 210 [1st Dept 2000], lv denied 95 NY2d 856 [2000]; see also People v Young, 48 AD3d 901, 903 [3d Dept 2008]; People v Arrington, 31 AD3d 801, 803 [3d Dept 2006], lv denied 7 NY3d 865 [2006]; cf. People v Johnson, 1 AD3d 891, 892-893 [4th Dept 2003]). Notably,
" [t]he role of the additional evidence is only to connect the defendant with the commission of the crime, not to prove that he committed it' " (Reome, 15 NY3d at 192). We thus conclude that there is legally sufficient evidence to establish defendant's possession of the subject cocaine (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Nichols, 163 AD3d 39, 49 [4th Dept 2018]). Moreover, upon our independent review of the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we have no reasonable doubt that defendant possessed the drugs at issue (see e.g. People v La Porte, 217 AD2d 821, 821-822 [3d Dept 1995]). As such, the verdict is not against the weight of the [*2]evidence (see generally People v Sanchez, 32 NY3d 1021, 1023 [2018]; People v Kancharla, 23 NY3d 294, 302-303 [2014]).
Defendant next contends that the superceding indictment should be dismissed because the People violated his right to testify at the superceding grand jury presentation (see generally CPL 190.50 [5]). Defendant waived that contention, however, "by failing to move to dismiss the [superceding] indictment on that ground within five days after he was arraigned" (People v Roach, 1 AD3d 963, 964 [4th Dept 2003] [emphasis added], lv denied 1 NY3d 579 [2003], reconsideration denied 1 NY3d 633 [2004], cert denied 543 US 853 [2004]; see CPL 190.50 [5] [c]; People v Osborne, 88 AD3d 1284, 1286 [4th Dept 2011], lv denied 19 NY3d 999 [2012], reconsideration denied 19 NY3d 1104 [2012]).
In any event, the record establishes that defendant's right to testify was not violated. A person's right to testify before the grand jury on his or her own behalf is explicitly conditioned upon serving the "district attorney" with a "written notice" of intent to testify (CPL 190.50 [5] [a]). "The requirements of CPL 190.50 are to be strictly enforced" (People v Kirk, 96 AD3d 1354, 1359 [4th Dept 2012], lv denied 20 NY3d 1012 [2013] [internal quotation marks omitted]; see People v Lawrence, 64 NY2d 200, 206-207 [1984]). Here, although defendant sent a letter to the trial judge asking to testify before the grand jury and later orally reiterated that desire in open court, it is undisputed that defendant never "serve[d] upon the district attorney . . . a written notice" of his intent to testify as required by CPL 190.50 (5) (a) (emphasis added). Defendant thus failed to effectively invoke his statutory right to testify before the grand jury (see People v Saldana, 161 AD2d 441, 444 [1st Dept 1990], lv denied 76 NY2d 944 [1990]). "In the absence of an effective request to testify, the People were entitled to resubmit the charges without notice to defendant" and without affording him an opportunity to testify (People v Nix, 265 AD2d 891, 891 [4th Dept 1999]; cf. People v Greco, 230 AD2d 23, 27-28 [4th Dept 1997], lv denied 90 NY2d 858 [1997], reconsideration denied 90 NY2d 940 [1997]). Contrary to defendant's assertion, the People were not obligated to preemptively notify him of the superceding grand jury proceeding because, at that time, there was no "currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending [superceding] grand jury proceeding" (CPL 190.50 [5] [a]; see People v Lunney, 84 Misc 2d 1090, 1095-1096 [Sup Ct, New York County 1975]; see also People v Washington, 42 AD2d 677, 677 [4th Dept 1973]; see generally People v Franco, 86 NY2d 493, 499-500 [1995]). There was thus no basis to dismiss the superceding indictment pursuant to CPL 190.50 (5) (see People v Ponce, 276 AD2d 921, 921-922 [3d Dept 2000], lv denied 96 NY2d 786 [2001]).
Defendant next contends that the prosecutor committed a Batson violation by peremptorily striking prospective juror 17, a black female. The prosecutor offered three undisputedly race-neutral reasons for striking the subject venireperson: (1) she was "not very forthcoming in her answers"; (2) she was "kind of quiet"; and (3) she was employed as a nursing assistant. County Court rejected defendant's Batson challenge, finding that the prosecutor's rationale for striking the subject venireperson was not pretextual. Initially, by failing to controvert the first and third race-neutral reasons offered by the prosecutor, defendant's claims of pretext as to those reasons are unpreserved for appellate review (see People v Rubin, 143 AD3d 846, 846 [2d Dept 2016], lv denied 28 NY3d 1126 [2016]; People v Knowles, 79 AD3d 16, 21 [3d Dept 2010], lv denied 16 NY3d 896 [2011]; People v Holloway, 71 AD3d 1486, 1486-1487 [4th Dept 2010], lv denied 15 NY3d 774 [2010]).
In any event, a "trial court's determination whether a proffered race-neutral reason is pretextual is accorded great deference' on appeal" (People v Hecker, 15 NY3d 625, 656 [2010]), and we see no reason to disturb the court's determination that the prosecutor's explanations in this case were not pretextual (see e.g. People v English, 119 AD3d 706, 706 [2d Dept 2014], lv denied 24 NY3d 1043 [2014]; Holloway, 71 AD3d at 1486-1487). Defendant's insistence that the prosecutor was obligated to link the venireperson's occupation with an "issue in the case" reflects a fundamental misapprehension of the Batson framework; indeed, it is well established that prosecutors are "not required to show that the peremptory challenge was specifically related to the facts of the case' " (Hecker, 15 NY3d at 664 [emphasis added]; see People v Toliver, 102 AD3d 411, 411 [1st Dept 2013], lv denied 21 NY3d 1011 [2013], reconsideration denied 21 NY3d 1077 [2013]). Nor need the prosecutor's race-neutral reasons
" rise to the level of a challenge for cause' " in order to survive Batson's step-three inquiry into pretextuality (James, 99 NY2d at 270, quoting People v Allen, 86 NY2d 101, 106 [1995]), and [*3]"there is no authority [holding] that a proffered race-neutral reason for seeking the peremptory strike of a prospective juror, while actually non-pretextual, was so insignificant as to be the equivalent of pretext" (People v Sprague, 280 AD2d 954, 955 [4th Dept 2001]). The court therefore properly denied defendant's Batson challenge.
Defendant next contends that defense counsel rendered ineffective assistance at trial. First, defendant faults his attorney for failing to request a missing witness charge for a confidential informant who allegedly set up the drug deal to which defendant and the accomplice were driving when they were stopped by police. We reject that contention. Had defense counsel sought such a charge, the prosecutor might have responded by moving to reopen his case in order to call the informant to the stand (see e.g. People v Miller, 259 AD2d 1031, 1031 [4th Dept 1999], lv denied 93 NY2d 927 [1999]; People v Parilla, 158 AD2d 556, 557 [2d Dept 1990]). Such testimony could have undermined defendant's case and might have even resulted in his conviction on certain counts of which he was acquitted. We thus perceive a valid strategic basis for counsel's failure to request a missing witness instruction (see People v Peake, 14 AD3d 936, 937-938 [3d Dept 2005]; People v Cruz, 165 AD2d 205, 207-208 [1st Dept 1991], lv denied 77 NY2d 959 [1991]; cf. People v Davydov, 144 AD3d 1170, 1173 [2d Dept 2016], lv denied 29 NY3d 996 [2017]; see generally People v Rivera, 71 NY2d 705, 709 [1988]). Moreover, any testimony by the informant would have pertained only to the counts upon which defendant was acquitted. Thus, defendant suffered no prejudice from the absence of a missing witness instruction under these circumstances (see People v Spallone, 150 AD3d 556, 557 [1st Dept 2017], lv denied 29 NY3d 1134 [2017]; People v Neil, 289 AD2d 611, 613 [3d Dept 2001], lv denied 97 NY2d 758 [2002]).
Defendant's second claim of ineffectiveness centers on defense counsel's failure to exploit what defendant characterizes as a discrepancy between the police officer's trial testimony and suppression hearing testimony. At trial, the officer testified that, while questioning the accomplice, he told the accomplice that he had seen defendant give the accomplice the bag of drugs during the traffic stop. At the suppression hearing, the officer testified that he had not actually seen what, if anything, defendant handed the accomplice during the stop. There is nothing contradictory about these respective accounts, however. The officer never claimed at trial to have actually seen what, if anything, defendant handed to the accomplice; rather, the officer merely testified to using an interrogatory ruse with the accomplice in order to secure a confession. Thus, the officer's trial testimony about the interrogatory ruse was not inconsistent with his suppression hearing testimony about his actual observations during the stop. "Since the purported inconsistency was illusory, trial counsel was not deficient in failing to exploit it on cross-examination" (People v Lewis, 139 AD3d 571, 572 [1st Dept 2016], lv denied 28 NY3d 932 [2016], reconsideration denied 28 NY3d 1029 [2016]; see People v Casey, 149 AD3d 771, 772 [2d Dept 2017], lv denied 29 NY3d 1077 [2017]).
Third, defendant argues that defense counsel was ineffective for failing to challenge two alleged instances of prosecutorial misconduct. Again, we reject that contention. With respect to the first alleged instance of prosecutorial misconduct, it is well established that a "defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (People v Stultz, 2 NY3d 277, 287 [2004], rearg denied 3 NY3d 702 [2004]), and here, any challenge to the evidence of, or to the prosecutor's summation references to, the multiple cell phones discovered during the traffic stop would have been unavailing (see e.g. People v Cartagena, 9 AD3d 468, 468 [2d Dept 2004], lv denied 3 NY3d 672 [2004]; People v Grajales, 294 AD2d 657, 658 [3d Dept 2002], lv denied 98 NY2d 697 [2002]; see also People v Porter, 153 AD3d 857, 857 [2d Dept 2017], lv denied 30 NY3d 1022 [2017]). With respect to the second alleged instance of prosecutorial misconduct, any impropriety in the prosecutor's summation remark that the officers "weren't expecting to find drugs or anything in the[ car]" was not sufficiently egregious to deprive defendant of a fair trial; as such, it cannot be said that defense counsel was ineffective for failing to object to that comment (see People v Grant, 160 AD3d 1406, 1407 [4th Dept 2018], lv denied 31 NY3d 1148 [2018]).
Fourth, because—as explained above—defendant had no viable grounds for securing the dismissal of the superceding indictment pursuant to CPL 190.50 (5), defense counsel's failure to seek the indictment's dismissal on that basis was not ineffective (see People v Rotger, 129 AD3d 1330, 1332 [3d Dept 2015], lv denied 26 NY3d 1011 [2015], 27 NY3d 1005 [2016]; People v [*4]Caban, 89 AD3d 1321, 1322-1323 [3d Dept 2011]). To the extent that defendant also contends that counsel was ineffective for failing to serve a proper cross grand jury notice prior to the superceding presentation, that contention lacks merit (see People v Simmons, 10 NY3d 946, 949 [2008]).
Given defendant's resentencing, we do not consider his challenge to the severity of his original sentence, and we dismiss the appeal from the judgment to that extent (see People v Robinson, 151 AD3d 1851, 1852 [4th Dept 2017], lv denied 29 NY3d 1133 [2017]; People v Dean, 41 AD3d 495, 495 [2d Dept 2007], lv denied 9 NY3d 1005 [2007]). The resentence itself is not before us because defendant did not appeal therefrom (see People v Kuras, 49 AD3d 1196, 1197 [4th Dept 2008], lv denied 10 NY3d 866 [2008]; cf. Dean, 41 AD3d at 495-496). Defendant's remaining contention is unpreserved for appellate review, and we decline to exercise our power to address it as a matter of discretion in the interest of justice (see People v Cullen, 110 AD3d 1474, 1475 [4th Dept 2013], affd 24 NY3d 1014 [2014]; see generally CPL 470.15 [6] [a]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court