People v Stith (2022 NY Slip Op 01712)





People v Stith


2022 NY Slip Op 01712


Decided on March 11, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 11, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, AND CURRAN, JJ.


1150 KA 18-01673

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CLIFTON STITH, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JESSICA N. CARBONE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered June 1, 2018. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the fifth degree, resisting arrest and harassment in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]), resisting arrest
(§ 205.30), and harassment in the second degree (§ 240.26 [1]). We affirm.
Defendant contends that the prosecutor's exercise of a peremptory challenge with respect to a prospective juror constituted a violation of Batson v Kentucky (476 US 79 [1986]). Under Batson and its progeny, "the party claiming discriminatory use of peremptories must first make out a prima facie case of purposeful discrimination by showing that the facts and circumstances of the voir dire raise an inference that the other party excused one or more [prospective] jurors for an impermissible reason . . . Once a prima facie showing of discrimination is made, the nonmovant must come forward with a race-neutral explanation for each challenged peremptory—step two . . . The third step of the Batson inquiry requires the trial court to make an ultimate determination on the issue of discriminatory intent based on all of the facts and circumstances presented" (People v Smocum, 99 NY2d 418, 421-422 [2003]; see People v Morgan, 75 AD3d 1050, 1051-1052 [4th Dept 2010], lv denied 15 NY3d 894 [2010]).
At the second step, "[t]he burden . . . is minimal, and the explanation must be upheld if it is based on something other than the juror's race, gender, or other protected characteristic" (People v Smouse, 160 AD3d 1353, 1355 [4th Dept 2018]; see Hernandez v New York, 500 US 352, 360 [1991]; People v Payne, 88 NY2d 172, 183 [1996]). "To satisfy its step two burden, the nonmovant need not offer a persuasive or even a plausible explanation but may offer any facially neutral reason for the challenge—even if that reason is ill-founded—so long as the reason does not violate equal protection" (Smouse, 160 AD3d at 1355 [internal quotation marks and emphasis omitted]; see Purkett v Elem, 514 US 765, 767-768 [1995]; Payne, 88 NY2d at 183).
Initially, because the prosecutor offered a race-neutral reason for the challenge and County Court thereafter "ruled on the ultimate issue" of discriminatory intent, the issue of the sufficiency of defendant's prima facie showing of discrimination under step one of the Batson analysis is moot (Smocum, 99 NY2d at 423; see People v Bridgeforth, 28 NY3d 567, 575 n 2 [2016]; People v Jiles, 158 AD3d 75, 78 [4th Dept 2017], lv denied 31 NY3d 1149 [2018]). With respect to the second step, we conclude that the court properly determined that the People met their burden of offering a facially race-neutral explanation for the challenge of the [*2]prospective juror (see Smouse, 160 AD3d at 1355). Specifically, the prosecutor explained that she challenged the prospective juror based on his experience of having previously testified as a witness in court, the fact that he was not native to the city where the crimes occurred, and his employment as a therapist (see People v Jackson, 185 AD3d 1454, 1454-1455 [4th Dept 2020], lv denied 35 NY3d 1113 [2020]; People v Linder, 170 AD3d 1555, 1558 [4th Dept 2019], lv denied 33 NY3d 1071 [2019]; see also People v Hecker, 15 NY3d 625, 663-664 [2010]; People v Toliver, 102 AD3d 411, 411 [1st Dept 2013], lv denied 21 NY3d 1011 [2013], reconsideration denied 21 NY3d 1077 [2013]).
We also reject defendant's contention that the court erred at step three. A "trial court's determination whether a proffered race-neutral reason is pretextual is accorded 'great deference' on appeal" (Hecker, 15 NY3d at 656), and we see no reason on this record to disturb the court's determination that the prosecutor's reasons were not pretextual (see People v Wheeler, 124 AD3d 1136, 1137 [3d Dept 2015], lv denied 25 NY3d 993 [2015]).
Finally, contrary to defendant's contention, the sentence is not unduly harsh or severe.
Entered: March 11, 2022
Ann Dillon Flynn
Clerk of the Court