People v McTyere (2023 NY Slip Op 02235)

People v Mctyere

2023 NY Slip Op 02235

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CURRAN, OGDEN, AND GREENWOOD, JJ.

343 KA 20-00180

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
WILLIE MCTYERE, DEFENDANT-APPELLANT. 

KATHLEEN A. KUGLER, CONFLICT DEFENDER, LOCKPORT (JESSICA J. BURGASSER OF COUNSEL), FOR DEFENDANT-APPELLANT. 

 Appeal from a judgment of the Niagara County Court (Sara Sheldon, J.), rendered December 13, 2019. The judgment convicted defendant upon a jury verdict of reckless endangerment in the first degree and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of reckless endangerment in the first degree (Penal Law § 120.25) and criminal possession of a weapon in the second degree (§ 265.03 [3]).
We reject defendant's contention that County Court erred in denying his motion to dismiss the indictment on the ground that the People were not ready for trial within six months of the commencement of the criminal action (see CPL 30.30 [1] [a]). "The statutory period is calculated by 'computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion' " (People v Barnett, 158 AD3d 1279, 1280 [4th Dept 2018], lv denied 31 NY3d 1078 [2018], quoting People v Cortes, 80 NY2d 201, 208 [1992], rearg denied 81 NY2d 1068 [1993]). Even assuming, arguendo, that defendant's contention that the People's declaration of readiness was illusory is preserved for our review, we conclude that it is without merit. At the time the People announced their readiness for trial, they would have been able to establish a prima facie case and proceed to trial even without the subsequently acquired DNA test results (see People v Pratt, 186 AD3d 1055, 1057 [4th Dept 2020], lv denied 36 NY3d 975 [2020]; People v Hewitt, 144 AD3d 1607, 1607-1608 [4th Dept 2016], lv denied 28 NY3d 1185 [2017]; People v Bargerstock, 192 AD2d 1058, 1058 [4th Dept 1993], lv denied 82 NY2d 751 [1993]). Moreover, even assuming, arguendo, that defendant correctly contends that 132 days of postreadiness delay are chargeable to the People, we conclude that such period plus the periods of prereadiness delay that were chargeable to the People did not exceed six months (see Hewitt, 144 AD3d at 1607-1608).
Defendant's further contention that he was denied his constitutional right to a speedy trial is not preserved for our review inasmuch as he moved to dismiss the indictment on statutory speedy trial grounds only (see People v Burke, 197 AD3d 967, 969 [4th Dept 2021], lv denied 37 NY3d 1159 [2022]; People v Williams, 120 AD3d 1526, 1526-1527 [4th Dept 2014], lv denied 24 NY3d 1090 [2014]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Defendant additionally contends that the court erred in granting the People's untimely motion to compel him to submit to a buccal swab for DNA testing. As relevant here, CPL former 240.90 (1) provided that a motion by a prosecutor for discovery "shall be made within [45] days after arraignment, but for good cause shown may be made at any time before commencement of trial." We conclude that the court did not err in granting the motion, considering the proffered reasons for the People's delay in making the motion, the relevance of [*2]the evidence, and the lack of prejudice to defendant from the delay (see People v Ruffell, 55 AD3d 1271, 1272 [4th Dept 2008], lv denied 11 NY3d 900 [2008]; People v Tyran, 248 AD2d 1011, 1011 [4th Dept 1998], lv denied 92 NY2d 1054 [1999]).
We have considered defendant's remaining contentions and conclude that none requires reversal or modification of the judgment.
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court